Jerry **BEAIRD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–86–0514–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 30, 1987.

Rehearing Denied July 9, 1987.

William W. Vance, Vance, Bruchez & Goss, Bryan, for appellant.

Bill Turner, Brazos County Dist. Atty., Todd Jermstadd, Brazos County Asst. Dist. Atty., Bryan, for State.

Before DUNN, WARREN and HOYT, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a conviction for the felony offense of rape of a child.

On September 12, 1985, a grand jury returned a two-count indictment alleging that on or about July 15, 1981, appellant committed aggravated rape and rape of a child.

After the defense rested, the State waived the count alleging aggravated rape, and the court submitted the case to the jury on the count alleging rape of a child. The jury found appellant guilty, and the court assessed punishment at 10 years confinement.

The appellant contends, in his first point of error, that his conviction is void because the indictment was barred by the three-year statute of limitations in Tex.Code Crim.P.Ann. art. 12.01(4) (Vernon Supp. 1987). We agree.

At the time of the offense, July 15, 1981, the period of limitations for rape of a child was three years from the date of the commission of the offense. *Id.*[1] Effective September 1, 1983, the legislature amended article 12.01 and added subsection (3)(C), extending to five years the limitation period for rape of a child:[2]

Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward:

. . . . .

(3) five years from the date of the commission of the offense:

(C) rape, aggravated rape, sexual abuse, aggravated sexual abuse, rape of a child, sexual abuse of a child....

This amendment permissibly extended to five years the limitations period for the offense committed by appellant, unless the offense had been barred by limitations prior to the effective date of the extension. *Archer v. State*, 577 S.W.2d 244 (Tex.Crim.App.1979). At trial, the State introduced testimony of the victim that established that appellant committed the offense during the period January through November 1981. The earliest date upon which the three-year limitation period could have run was January 1, 1984. The limitations period was extended to five years on September 1, 1983; thus, appellant's indictment was not barred as of the effective date of the extension and the five-year limitation period applied.[3]

In 1985, the legislature again amended article 12.01. Effective August 26, 1985, approximately two weeks before

---

1. Ch. 203, sec. 5, 1975 Tex.Gen.Laws 478.

2. Ch. 85, sec. 1, 1983 Tex.Gen.Laws 413.

3. We are aware of another amendment to article 12.01 adding a second subsection (3)(C), also effective on September 1, 1983. Ch. 977, sec. 7, 1983 Tex.Gen.Laws 5312. This amendment created a new offense in the Penal Code entitled "sexual assault" and established a limitations period of five years for it. Sections 3 and 7. Although the appellant's indictment substantially tracks the language of Tex.Pen.Code Ann. sec. 22.011(a)(2) (Vernon Supp.1987), he could not have been charged with sexual assault, nor is the five-year limitations period for sexual assault applicable, because the changes in the law contained in the amendatory act did not apply to offenses committed prior to the act's effective date, September 1, 1983:

(a) The change in law made by this Act applies only to an offense committed on or after the effective date of this Act.

(b) An offense committed before the effective date of this Act is covered by the law in effect at the time the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.

Sections 13 & 14. Therefore, we may not apply the five-year period of limitations for sexual assault because appellant allegedly committed the offense on July 15, 1981, before September 1, 1983, the effective date of the "sexual assault" amendments.

the grand jury returned appellant's indictment, the subsection (3)(C) that listed "rape of a child" as an offense to which a five-year limitation period applied was repealed.[4] Article 12.01 no longer specifically listed "rape of a child" in any subsection. Therefore, on August 26, 1985, the offense of rape of a child fell into the catch-all three-year limitation period applicable to "all other felonies" contained in subsection (4). Three years from the date of the offense alleged in the indictment was July 15, 1984. Accordingly, appellant's indictment became barred on August 26, 1985, the effective date of the act shortening the limitation period for "rape of a child" to three years, prohibiting his conviction for that offense.

Appellant's first point of error is sustained.

The judgment is reversed, and the prosecution ordered dismissed.

HOYT, J., dissents.

HOYT, Justice, dissenting.

I respectfully dissent because appellant's contention that his conviction is void because his indictment was barred by the three-year statute of limitations set out in Tex.Code Crim.P.Ann. art. 12.01(4) (Vernon Supp.1987) is in my opinion, incorrect.

The evidence shows: that the offense occurred on or about July 15, 1981; that the appellant was indicted on September 12, 1985, for the offenses of aggravated rape and rape of a child; and that he was convicted of rape of a child.

The applicable law at the time that appellant committed the offense of rape of a child provided for a three-year period of limitations. In 1983, the legislature extended the limitations period from three to five years. After amending art. 12.01, the legislature stated: "This Act does not apply to an offense, the prosecution of which became barred by limitations on or before August 31, 1983." Ch. 85, § 2(b), 1983 Tex.Gen.Laws 413.

Two points are noteworthy: first, the offense that appellant was ultimately convicted of was not barred by limitations on August 31, 1983, because limitation would have run in July 1984, since the offense occurred in 1981; second, the limitation period for rape of a child was extended to five years in 1983, and because prosecution was not barred by limitation when the amendment occurred, the amended act would extend the period for appellant's prosecution to July 1986.

However, in 1985 the legislature repealed the statute making rape of a child an offense and included that conduct under "sexual assault, indecency with a child." Tex.Penal Code Ann. § 22.011(a)(2) (Vernon Supp.1987). Appellant argues, and the majority found, that because § 22.011 no longer listed rape as an offense, the statute of limitations governing rape would fall under § 12.01(4) that provides for a three-year statute for all other felonies. I disagree. Legislative intent is essential when construing statutes of this nature. *See Barbee v. State*, 432 S.W.2d 78, 82 (Tex.Crim. App.1968) (op. on reh'g); *Summerford v. State*, 627 S.W.2d 468, 471 (Tex.App.— Houston [1st Dist.] 1981, no pet.). A construction that ignores the legislative objective is to be avoided. Tex.Gov't.Code Ann. §§ 311.021, 311.023 (Vernon 1987).

It is apparent that the legislature intended that the period of limitations for sexual offenses involving children be five years. The legislature had increased the limitations period for rape of a child from three to five years prior to its repeal. Article 12.01[1] This intent becomes clear when we consider that the offenses of "sexual assault, indecency with a child," enacted in 1985, also carry a five-year period of limitations. Recognizing that a void could occur in the law in repealing rape as an offense, the legislature in its bill provided: "An offense committed before the effective date of this Act is covered by the law in effect at the time the offense was committed, and the former law is continued in effect for

4. Ch. 330, sec. 1, 1985 Tex.Gen.Laws 2554.

1. Ch. 85, § 1, 1983 Tex.Gen.Laws 413.

this purpose." Ch. 577, § 2(b), 1985 Tex. Gen.Laws 4356.

I interpret "the law in effect at the time that the offense was committed" to relate only to the substantive law in effect as found in the Penal Code. Changes found in the Code of Criminal Procedure, i.e., limitations, do not affect the accused's right to notice and a fair trial. The appellant was charged in September 1985, with the offense of rape of a child; the State was well within the limitation period.

I would therefore overrule this point of error, and affirm the judgment of the trial court.

