**Harold Leon HIGGINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–87–847–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 22, 1988.

Stanley G. Schneider, Houston, for appellant.

Cathleen Herasimchuk, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

Appellant Harold Leon Higgins appeals his felony conviction for the offense of aggravated rape. TEX.PENAL CODE ANN. § 21.03(5) *repealed by* Act effective Sept. 1, 1983, ch. 977 § 12, 1983 Tex.Gen.Laws 5311, 5321. We conclude that prosecution was time barred, but that the State sufficiently proved venue. Accordingly, we reverse the judgment of the trial court and order the trial court to dismiss the indictment.

On June 11, 1986, a grand jury returned an indictment which alleged that in Harris County:

On or about February 15, 1983, [appellant] did then and there unlawfully, intentionally and knowingly cause the penetration of the female sexual organ of C— P— L—, hereafter styled the Complainant, a person younger than fourteen years of age and not his spouse by placing his sexual organ in the female sexual organ of the Complainant.

The jury found appellant guilty as charged in the indictment and the trial court assessed punishment at twenty five years' confinement in the Texas Department of Corrections. In his first point of error, appellant contends his conviction is void because TEX.CODE CRIM.PROC.ANN. art. 12.01(4) (Vernon Supp.1988), *as amended*

*by* Act of June 19, 1983, ch. 977 § 7, 1983 Tex.Gen.Laws 5311, 5318, reinstated a three year statute of limitations and therefore barred his suit. We agree.

TEX.CODE CRIM.PROC.ANN. art. 12.01 governs presentment of felony indictments. The Act of May 15, 1975, ch. 203 § 5, 1975 Tex.Gen.Laws 476, 478, codified at Article 12.01(4), formerly allowed the State three years from the date of the offense to present indictments for "all other felonies," *i.e.,* those for which Article 12.01 did not otherwise provide a longer statute of limitations. Since Article 12.01 did not list any sexual offenses, the three year limitations necessarily governed felony sexual offenses. By June 11, 1986, the date of the indictment, the Texas Legislature had amended the statutes of limitation for sexual offenses three times.

The first amendment occurred early in 1983. By the Act of May 10, 1983, ch. 85 § 1, 1983 Tex.Gen.Laws 413, 413 (effective September 1, 1983) [hereinafter the "May 1983 amendments"], the legislature added "rape, aggravated rape, sexual abuse, aggravated sexual abuse, rape of a child [and] sexual abuse of a child" to Article 12.-01(3)(C), which allowed a *five* year statute of limitations. Those offenses corresponded to Sections 21.02–.05, 21.09–.10 and 21.-12 of the Texas Penal Code. By alleging that appellant had engaged in an act of sexual intercourse with a person under the age of fourteen on February 15, 1983, the State sought to prosecute appellant pursuant to former TEX.PENAL CODE ANN. § 21.03(5). Although limitations would have expired under former Article 12.01(4) three years later, on February 15, 1986, the State properly indicted appellant on June 11, 1986 because the May 1983 amendments creating former Article 12.01(3)(C) extended the limitations period and presentment of the indictment was not otherwise barred prior to the May 1983 amending legislation. *See* Section 2(b) of the May 1983 amendments; *Lindsey v. State,* 760 S.W.2d 649 (Tex.Crim.App.1988) (opinion on motion for rehearing), citing *Archer v. State,* 577 S.W.2d 244 (Tex.Crim.App. [Panel Op.] 1979); *Beaird v. State,* 734 S.W.2d

17, 18 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd).

But by the Act of June 19, 1983, ch. 977, 1983 Tex.Gen.Laws 5311, 5318 (effective September 1, 1983) [hereinafter the "June 1983 amendments"], which became effective the same date as the May 1983 amendments, the legislature made additional pertinent changes to the law controlling felony sexual offenses. Section 12 of the June 1983 amendments repealed 21.02–.05, 21.-09–.10 and 21.12 of the Penal Code, thereby abolishing the offense of aggravated rape prospectively, *see Lindsey,* 760 S.W.2d at 650. Section 3 of the June 1983 amendments created the new offenses of sexual assault and aggravated sexual assault, currently codified at TEX.PENAL CODE ANN. § 22.011 & 22.021 (Vernon Supp.1988). Reflecting the repeal of the Penal Code sections accomplished by Section 12, Section 7 of the June, 1983 amendments provided a five year statute of limitations for the new offenses of sexual assault and, impliedly, aggravated sexual assault, *see* TEX.CODE CRIM.PROC.ANN. art. 12.03(d) (Vernon Supp. 1988). Lastly, Section 13 of the June, 1983 amendments provided:

(a) The change in law made by this Act *applies only to an offense committed on or after the effective date* of this Act.

(b) An *offense committed before the effective date of this Act is covered the law in effect at the time the offense was committed, and the former law is continued in effect for that purpose.* For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date (emphasis added).

After September 1, 1983, when both 1983 amendments became effective, TEX.CODE CRIM.PROC.ANN. art. 12.01 contained two subsections "C." The first resulted from the May 1983 amendments and the second from the June 1983 amendments. As amended, Article 12.01 read as follows:

(3) five years from the date of the commission of the offense:

.    .    .    .    .

(C) rape, aggravated rape, sexual abuse, aggravated sexual abuse, rape of a child, sexual abuse of a child;

(C) sexual assault[.]

In its original *Lindsey* opinion, 760 S.W. 2d 649 (1988) (en banc), the court reconciled the two subsections when it held that the May, rather than the June, 1983 amendments permitted the State to indict for aggravated rape, an otherwise repealed offense. *See* Section 13(a) & (b) of the June 1983 amendments (changes effected by the Act apply only to offenses committed on or after September 1, 1983; former law continues for offenses committed prior to that date); *Beaird,* 734 S.W.2d at 18 n. 3. Likewise, in appellant's case, since the State alleged that the offense occurred on February 15, 1983, and therefore before September 1, 1983, the May, rather than the June, 1983 amendments permitted the State to indict appellant pursuant to former TEX.PENAL CODE ANN. § 21.03(5) for aggravated rape.

However, a third amendment to the five year statutes of limitation occurred in 1985. By the Act of June 8, 1985, ch. 330 § 1, 1985 Tex.Gen.Laws 1393, 1393 [hereinafter "the 1985 amendments"], the legislature deleted the May 1983 change in TEX.CODE CRIM.PROC.ANN. art. 12.01(3)(C) (the first subsection "C"), which left only Article 12.-01(3)(C) as amended by the June 1983 amendments, to which the legislature added the offense of indecency with a child. With the deletion of the five year statute of limitations for the offense of aggravated rape, Section 13(b) of the June 1983 amendments required that "the law in effect at the time the offense was committed" would govern appellant's case. Thus, the effect of the 1985 amendments was to reinstate TEX.CODE CRIM.PROC.ANN. art. 12.01(4)'s three year statute of limitations for appellant's offense. *See Lindsey,* 760 S.W.2d at 654; *Beaird,* 734 S.W.2d at 18–19.[1]

In short, while the May 1983 amendments originally extended the time to file an aggravated rape indictment from three to five years, the 1985 amendments restored the three year statute of limitations. Accordingly, the indictment on June 11, 1986 came too late for an offense alleged to have occurred on February 15, 1983. We sustain appellant's first point of error.

■ In his second point of error, the appellant questions the sufficiency of the evidence to support venue in Harris County. Yet the appellant never questioned venue in the trial court. Accordingly, and because the record does not affirmatively reflect otherwise, this court must presume that the State proved venue in Harris County by a preponderance of the evidence. TEX.R.APP.P. 80(d); *Holdridge v. State,* 707 S.W.2d 18, 20–21 (Tex.Crim.App.1985) (per curiam, en banc); *McCauley v. State,* 97 Tex.Crim. 1, 4, 259 S.W. 938, 939 (1924) (on rehearing).

We reverse the judgment of the trial and order it to enter an order of dismissal.

ROBERTSON, Justice, dissenting.

The majority holds that over a span of only four years the legislature expanded the statute of limitations pertaining to sexual offenses to five years and then ten, but by some oversight returned the statute of limitations for aggravated rape of a child to three years. I disagree. In looking at the applicable statutes it appears that the legislative intent was to allow continued prosecution of aggravated rapes occurring prior to the effective date of the amendment, and therefore I find that the prosecution was not barred and the judgment should be affirmed.

The complainant testified that when she was eight to nine years old she was raped by her step-father, the appellant, approximately seven times. She did not tell her mother of the abuse until March of 1986, three years after appellant had moved out of their house. Appellant was indicted June 11, 1986 for an offense which took place on or about February 15, 1983. The indictment stated that appellant intentional-

---

1. Neither the 1983 nor the 1985 legislation affected the "catchall" three year statute of limitations, Article 12.01(4), which continued to apply to "all other felonies," and remained at three years.

ly and knowingly caused the penetration of the sexual organ of complainant, a person younger than fourteen years of age and not his spouse, by placing his sexual organ in the sexual organ of the complainant. At the time of this offense, this language pled the offense of aggravated rape, which had a three year statute of limitations.

By amendment approved May 10, 1983 and effective September 1, 1983, the legislature expanded the limit for prosecution of aggravated rape and rape of a child from three to five years. Act of May 10, 1983 ch. 85, Tex.Gen.Laws 413. (amending Tex. Code Crim.Proc. 12.01(3)(C)). Therefore, since the original three years had not run at the time of this amendment, the limitations were expanded from February 15, 1986 to February 15, 1988. *Archer v. State,* 577 S.W.2d 244 (Tex.Crim.App.1979).

Then on June 19, 1983, the legislature passed a second amendment, which also became effective September 1, 1983, revising the offenses of aggravated rape and rape of a child. The law stated that it was intended to *redefine* those offenses as assaultive offenses, and to revise the elements of, penalties for, and period of limitations applicable to those offenses. Act of June 19, 1983, ch. 977, Tex.Gen.Laws 5311. Further the act repealed TEX.PENAL CODE section 21.03(5), aggravated rape and created the offense of sexual assault of a child, TEX.PENAL CODE 22.011(a)(2), and aggravated sexual assault, TEX.PENAL CODE 22.021(a)(5). Both of these offenses have language which comports with the language used to indict appellant. Also in the act which created the offense of sexual assault, the legislature purported to amend again TEX.CODE CRIM.PROC. 12.01(3)(C), creating a statute of limitations of five years for sexual assault, and three years for all other offenses.

Appellant argues, and the majority agrees that the Act of June 19, 1983, ch. 977, section 13 Tex.Gen.Laws 5311, 5321 provided for continued prosecution of aggravated rapes occurring prior to September 1, 1983 under the old law (repealed 21.03(5)). They rely on the language of section 13:

(a) The change in law made by this Act applies only to an offense committed on or after the effective date of this Act.

(b) An offense committed before the effective date of this act is covered by the law in effect at the time the offense was committed, and the former law is continued in effect for that purpose.

This language would appear to require that appellant have been prosecuted under the repealed TEX.PENAL CODE 21.03(5). However, in 1985, the legislature again amended TEX.CODE CRIM.PROC. to eliminate the 1983 duplication of section 12.01(3)(C). Act of April 30, 1985, ch. 330, section 1 Tex.Gen.Laws 1393. The amendment provided that there would be a five year statute of limitations for sexual assault and indecency with a child, but the legislature struck out the section providing for a five year limitation for rape, aggravated rape, and rape of a child. It further allowed only three years for prosecution of *all other felonies.* Thus, the majority concludes that the prosecution of aggravated rapes occurring prior to September 1, 1983, was permitted but would be governed by a three year statute of limitations, because they would be defined as aggravated rapes rather than sexual assaults.

The Government Code provides guidelines which we must follow in interpreting the intent of the legislature and it dictates a presumption that a just and reasonable result was intended. TEX.GOV.CODE 311.021—311.023 (Vernon 1988). The result reached by the majority is unjust and ignores the intent of the legislature as evidenced by: (1) the object sought to be obtained, (2) the circumstances under which these statutes were enacted, (3) legislative history, (4) former statutory provisions on the same subjects, (5) consequences of the majority's construction, (6) the administrative construction of the statute and (7) title, preamble and emergency provisions of the statute. TEX.GOV.CODE 311.023 (Vernon 1988).

To say that this indictment was barred by a three year statute of limitations is to ignore the stated purpose of that legislation, which was to redefine rape of a child

as a sexual assault. Act of June 19, 1983, ch. 977, Tex.Gen.Laws 5311. I think it is also important to note that the language of the old statute TEX.PENAL CODE 21.03(5), is nearly identical to the new, TEX.PENAL CODE 22.011(a)(2)(A). Furthermore, at the same time the new offense was created, it was given the same five year limitation as was previously given to aggravated rape. Act of May 10, 1983, ch. 85, section 1 Tex.Gen.Laws 413. It would be irrational to say that the legislature which allowed the continued prosecution of aggravated rapes prior to September 1, 1983, thereafter returned aggravated rape to its previous three year limitations. Act of April 30, 1985, ch. 330, Tex.Gen.Laws 1393. This is especially true in light of the legislature's recent expansion of the limitations for sexual assault of a child under TEX.PENAL CODE 22.011(a)(2)(A) to ten years. TEX. CODE CRIM.PROC. 12.01(2)(D), 12.01(3)(C) (Vernon 1988).

The only reasonable explanation is that the legislature intended to include the offenses of aggravated rape and rape of a child into sexual assault and that in doing so, they intended the revised statute of limitations on sexual assault apply to prosecutions for aggravated rapes occurring prior to September 1, 1983. It is obvious to me that in striking through aggravated rape and rape of a child in the 1985 amendment to the statute of limitations, the legislature believed that those offenses were encompassed within sexual assault and remained governed by a five year limit. Therefore, I would affirm appellant's conviction on the ground that the prosecution was never barred.