Randal J. **FLOYD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–95–00069–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 11, 1995.

Decided Jan. 5, 1996.

Rehearing Overruled Feb. 13, 1996.

Roy L. Merrill, Jr., Dallas, for Randal J. Floyd.

Sue Korioth, Assistant District Attorney, Pamela Sullivan Berdanier, Assistant District Attorney, Dallas, for State.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

This is a securities fraud case. Randal Floyd was charged with violating the Texas Securities Act.[1]

The indictment alleged that Floyd defrauded Jack Isaminger by selling him a partnership interest in an oil and gas lease while intentionally failing to disclose to Isaminger that funds previously invested in the partnership for acquiring and reworking a well in St. Martin Parish, Louisiana were used for purposes other than those for which they were invested.

Floyd entered a nolo contendere plea before the court. The court found sufficient evidence to find him guilty, but deferred a finding of guilt and placed Floyd on deferred adjudication probation for ten years and fined him $800.00. The nolo contendere plea was part of a plea bargain that provided for a fine of only $300.00.

On appeal, Floyd contends that: the evidence is insufficient to support the judgment; the prosecution was barred by the statute of limitations; the court's judgment should be set aside because the court did not follow the plea bargain; there is no evidence to support the court's order that Floyd pay an undetermined amount of restitution; his plea of nolo contendere was not a voluntary and knowing plea; the court should have withdrawn his plea *sua sponte;* and the court erred in overruling his motion for new trial in which he contended that he wanted to plead not guilty and to have a jury trial.

We first consider Floyd's contention that the evidence offered by the State shows that prosecution for the offense alleged was barred by limitations. He notes that the alleged offense occurred on January 30, 1989, and the indictment was not presented until August 5, 1994, some five years and six months later. He contends that, under Article 12.01 of the Code of Criminal Procedure,[2] the indictment had to be presented within three years from the date of the offense, citing *Cooper v. State,* 527 S.W.2d 563 (Tex. Crim.App.1975); *Gallardo v. State,* 768 S.W.2d 875 (Tex.App.—San Antonio 1989, pet. ref'd); and *Beaird v. State,* 734 S.W.2d 17 (Tex.App.—Houston [1st Dist.] 1987), *aff'd per curiam,* 772 S.W.2d 116 (Tex.Crim.App. 1989). These authorities are inapposite. Both *Gallardo* and *Beaird* are rape cases subject to a limitations period set forth in Article 12.01 of the Code of Criminal Procedure. *Cooper* is a 1975 securities violations case. When that case was decided, limitations for securities violations were prescribed in Article 12.01. That article, however, has not been applicable to securities violations since 1983.

■ The offense in this case is a violation of Article 581–29(C) of the Securities Act. Before September 1, 1983, the limitations period for offenses under that Act was three years, as provided in a general provision of Article 12.01 of the Code of Criminal Procedure. The Texas Legislature, however, enacted TEX.REV.CIV.STAT.ANN. art. 581–29–1 (Vernon Supp.1996), effective September 1, 1983, which provides a specific five-year limitations period for violations of Article 581–29(C). Nevertheless, this prosecution was

1. TEX.REV.CIV.STAT.ANN. art. 581–29, Act of May 30, 1983, 68th Leg., ch. 465, § 1, 1983 Tex.Gen. Laws 2688, *amended by* Act of May 22, 1989, 71st Leg., ch. 733, § 9, 1989 Tex.Gen.Laws 3292, *amended by* Act of May 23, 1991, 72nd Leg., ch. 565, § 9, 1991 Tex.Gen.Laws 2005, *amended by* Act of May 15, 1995, 74th Leg., ch. 228, § 16, 1995 Tex.Gen.Laws 1996.

2. Act of May 30, 1987, 70th Leg., ch. 716, § 1, 1987 Tex.Gen.Laws 2591, *amended by* Act of May 23, 1991, 72nd Leg., ch. 565, § 6, 1991 Tex.Gen. Laws 2004, *amended by* Act of May 24, 1995, 74th Leg., ch. 476, § 1, 1995 Tex.Gen.Laws 3195.

barred by limitations even pursuant to the five-year statute. The indictment was not issued until five years and six months after the offense occurred.

The State argues that, because Floyd did not object to the indictment on the ground that it was barred by limitations, he waived the limitations defense. The failure to timely object to the indictment waives a claim of a limitations defect in the indictment; it does not waive a claim that the evidence is insufficient to support the conviction because it shows that limitations has run. *Lemell v. State*, No. 0295–94, —— S.W.2d —— (Tex.Crim.App. Nov. 1, 1995). Floyd specifically attacked the sufficiency of the evidence because it showed limitations had run. The undisputed evidence shows that limitations had run. That being true, we must reverse the judgment and order an acquittal in this case.

In view of our disposition of the limitations question, it is not necessary to consider Floyd's other points.

The judgment is reversed and a judgment of acquittal is rendered.