**Randall J. FLOYD, Appellant,**

v.

**The STATE of Texas.**

**Nos. 397–96, 398–96.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 16, 1998.

Roy L. Merrill, Jr., Dallas, for appellant.

Pamela Sullivan Berdanier, Assist. DA, Dallas, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

McCORMICK, P.J., delivered the opinion of the Court, joined by MANSFIELD, KELLER, HOLLAND and WOMACK, JJ.

Appellant was separately indicted with violating the Texas Securities Act.[1]  *Floyd v. State,* 914 S.W.2d 656, 657 (Tex.App.—Texarkana 1996)(Cause No. 06–95–00069–CR); *Floyd v. State,* No. 06–95–00070–CR, slip op. (Tex.App.–Texarkana, delivered January 5, 1996)(not published).  Appellant entered into a plea bargain agreement in each case where he pled nolo contendere to the charges and agreed to a term of probation for ten years and a fine of $300.00.  The trial court found sufficient evidence to substantiate appellant's guilt, deferred an adjudication of guilt and placed appellant on community supervision for ten years with a fine of $800.00 in both cases.

Appellant complained for the first time in his Amended Motion for New Trial that the evidence was insufficient to support the trial court's finding of guilt because the prosecution was barred by the statute of limitations.

---

7.  As this opinion is a dissent rather than an opinion for the Court, I will not labor to set out my harm analysis.

1.  Tex.Rev.Civ.Stat.Ann. art. 581–29, Act of May 30, 1983, 68th Leg., ch. 465, section 1, 1983 Tex.Gen.Laws 2688, *amended by* Act of May 22, 1989, 71st Leg., ch. 733, section 9, 1989 Tex. Gen.Laws 3292, *amended by* Act of May 23, 1991, 72nd Leg., ch. 565, section 9, 1991 Tex.Gen.Laws 2005, *amended by* Acts of May 15, 1995, 74th Leg., ch. 228, section 16, 1995 Tex.Gen.Laws 1996.

Specifically, appellant alleges that the State failed to prove the offenses occurred within the statutory five year period. The Court of Appeals relied upon this Court's holding in *Lemell v. State,* 915 S.W.2d 486 (Tex.Cr.App. 1995), and agreed with appellant that limitations had run barring prosecution. In *Lemell,* this Court held that the failure timely to object to the indictment waived a claim of a limitations defect in the indictment; however, it did not waive a claim that the evidence was insufficient to support the conviction because it showed that the statue of limitations had expired. *Id.* at 489–90. *Lemell* has been overruled by *Proctor v. State,* 967 S.W.2d 840 (Tex.Cr.App.1998).

In *Proctor,* we held that a statute of limitations claim is a defense and that the defendant will forfeit this defense if it is not asserted at or before guilt/innocence stage of trial. *Id.* at 844. In this case, appellant failed to raise the statute of limitations defense before trial or during the presentation of evidence on his pleas of nolo contendere. Therefore, appellant forfeited this defense under *Proctor.*

Accordingly, the Court of Appeals erred in ordering the trial court to acquit. The decisions of the Court of Appeals are reversed and these cases are remanded to that court to address appellant's remaining points of error.

MEYERS, J., filed a concurring opinion joined by PRICE, J.

BAIRD, J., filed a dissenting opinion.

OVERSTREET, J., dissents.

Concurring opinion, delivered by MEYERS, J., joined by PRICE, J.

The majority holds appellant forfeited his limitations defense because he failed to raise it "at or before guilt/innocence stage of trial." *Majority opinion* at 274. But appellant's guilt was deferred; there has been no "guilt/innocence stage of trial" yet in this case. The majority is therefore wrong to conclude appellant waived his "limitations defense"[1] by failing to timely raise it. Appellant could still raise limitations in the event his guilt is adjudicated later.

That aside, I agree with the majority that the Court of Appeals erred in ordering judgments of acquittal. But not because appellant waived his limitations defense. *Majority opinion* at 274. The Court of Appeals erred in ordering judgments of acquittal for two reasons: (1) appellant's claim of insufficiency of the evidence was not yet ripe, and (2) even if the claim was ripe, a finding of insufficient evidence under article 1.15[2] is trial error which results in a new trial not an acquittal.

As stated previously, since appellant's guilt has not yet been adjudicated by the trial court, appellant's claim on appeal that the evidence is insufficient to support the trial court's judgment is premature. There is no judgment of guilt by the trial court since a finding of appellant's guilt has been deferred. The Court of Appeals erred in addressing appellant's insufficiency of the evidence claim.

Assuming *arguendo* the claim was ripe for review, appellant is not entitled to a judgment of acquittal pursuant to an article 1.15 claim. Article 1.15 provides that when a defendant pleads guilty or nolo contendere in a noncapital felony case the State must "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment." This requirement is peculiar to state law and is not required by the federal constitution. *Ex parte Williams,* 703 S.W.2d 674, 678 (Tex.Crim.App.1986). Thus, *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), does not apply to an

---

1. Although limitations is referred to by the majority in *Proctor v. State,* 967 S.W.2d 840 (Tex. Crim.App.1998), as a "defense," it is not a true defense as described in the Penal Code since it is still a matter the State must prove beyond a reasonable doubt, once raised:

> If there is some such evidence [that the prosecution is limitations-barred] and the defendant

requests a jury instruction on the limitations defense, then the State must prove beyond a reasonable doubt that the prosecution is not limitations-barred. Compare Tex. Penal Code § 2.03.

*Id.* at 844.

2. Tex.Code Crim. Proc. art. 1.15.

insufficiency of the evidence claim where the conviction is based upon a plea of guilty or nolo contendere under article 1.15:

> It is to be observed that Jackson was convicted in a bench trial in a Virginia state court upon his plea of *not guilty,* thus placing upon the state prosecution the burden of proof as required by *In re Winship,* supra.
>
> *Jackson* and *Winship* are only applicable where the federal constitution places the burden on the prosecution to establish guilt beyond a reasonable doubt. Neither case is applicable where a defendant knowingly, intelligently and voluntarily enters a plea of guilty or nolo contendere.... It is clear then there is no federal constitutional requirement that evidence of guilt must be offered to corroborate a guilty plea in a state criminal prosecution, and that the "rationality" test of *Jackson* has no application here.

*Williams,* 703 S.W.2d at 682 (emphasis in original)(holding insufficiency of evidence not cognizable in writ where conviction arose from guilty plea). Likewise, *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) do not bar retrial upon a finding of insufficiency of the evidence to support a conviction arising from a guilty plea under article 1.15. *Bender v. State,* 758 S.W.2d 278, 280 (Tex.Crim.App. 1988). In *Bender,* the Court observed that "*Burks* and Greene involved contested jury trial where the plea in each case was 'not guilty' and where the burden was on the prosecution to prove each element of the offense beyond a reasonable doubt [but][i]n the instant case the prior conviction involved a plea of nolo contendere before the court and a failure to comply with a state statute." 758 S.W.2d at 280. *Burks* and *Greene* do not apply in a federal constitutional sense where the defendant has voluntarily pled guilty. Rather, evidentiary insufficiency to support a guilty plea under article 1.15 is trial error. *Id.*

The judgment of the Court of Appeals should be vacated, and this case remanded to that Court to address appellant's remaining points of error, given that his insufficiency claim under article 1.15 is not yet ripe for review. For these reasons, I concur in the judgment of the Court.

BAIRD, J., delivered a dissenting opinion, OVERSTREET, J., joins.

Believing the opinion of the Court violates the Ex Post Facto Clauses of the United States and Texas Constitutions, I dissent. U.S. Const. art I, § 10; *and,* Tex. Const. art. I, § 16.

*Lemell v. State,* 915 S.W.2d 486 (Tex.Crim. App.1995), was the law at the time of appellant's trial and appeal. That case was consistent with nearly one hundred years of caselaw.[1] In *Lemell,* the defendant alleged the evidence was insufficient to prove the offense was committed within the statute of limitations period. We clarified the distinction between an indictment that is defective because it does not on its face allege an offense within the limitations period, and the failure of the evidence to prove the offense occurred within the limitations period. As to an indictment defect, failure to timely object prior to trial forever waives the defect. As to the failure of proof at trial, we pointed to the following well-established principles from long-standing precedent:

> The State has the burden to prove that the offense was committed within the statute of limitations period. [citations omitted] We also have held that the State need not prove the date alleged in the pleading so long as the proof at trial shows that the offense occurred within the applicable limitations period.... *A defendant's failure to object to a limitations defect on the face of the indictment does not relieve the State of its burden of proving at trial that the alleged offense occurred within the limitations period.* Moreover, when appellants have alleged that the State failed to meet its burden of proof at trial regarding limi-

---

1. I mention this fact to point out that appellant had no reason to think he should "raise" the limitations issue. *See* GEORGE E. DIX AND ROBERT O. DAWSON, 40 TEXAS PRACTICE, CRIMINAL PRACTICE AND PROCE-

DURE § 3.63 (1998 Supp.)(failure to prove limitations is in nature of evidence insufficiency and there is no requirement that defendant make trial objection to preserve claim for appellate review).

tations, we have treated their claims like insufficiency of evidence claims.

*Id.* at 489 (citations omitted)(emphasis added). Thus, the burden was on the State to prove at trial that the offense occurred within the statute of limitations period, or that there was tolling. Failure of the State to meet its burden did not need to be objected to at trial; it could be raised for the first time on appeal, at which time a defendant could complain about the failure in an insufficiency of the evidence-type claim.

The Court of Appeals in the instant case followed controlling precedent:

> The State argues that, because Floyd did not object to the indictment on the ground that it was barred by limitations, he waived the limitations defense. The failure to timely object to the indictment waives a claim of a limitations defect in the indictment; it does not waive a claim that the evidence is insufficient to support the conviction because it shows that limitations has run. *Lemell v. State,* 915 S.W.2d 486 (Tex.Crim.App.1995). Floyd specifically attacked the sufficiency of the evidence because it showed limitations had run. The undisputed evidence shows that limitations had run. That being true, we must reverse the judgment and order an acquittal in this case.

*Floyd,* 914 S.W.2d at 658.

However, a hundred years of precedent, *Lemell* included, was overruled subsequent to the trial in the instant case and subsequent to the Court of Appeals' opinion. *See, Proctor v. State,* 967 S.W.2d 840 (Tex.Crim. App.1998). Under the new law, the statute of limitations is a "defense" which "is forfeited if not asserted at or before the guilt/innocence stage of trial." *Id.* at 844. In *Proctor,*the defendant's claim that the offense was not proven to have occurred within the limitations period was procedurally defaulted because he did not raise it at trial, even though he was not required to object at trial under the law at the time of his trial. Thus, *Proctor* holds that a defendant procedurally defaults any claim as to a limitations issue by failing to object at trial, even if the law at the time of his trial did not require an objection

in order to preserve the issue. What a twisted state of affairs.

Believing the majority's reliance on *Proctor* which operates to deprive appellant of a defense which was available at the time the instant offenses were committed, is judicial action which contravenes the Ex post Facto Clauses of the United States and Texas Constitutions, I dissent.

OVERSTREET, J., joins this opinion.