Gary David GALLARDO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–88–00248–CR.

Court of Appeals of Texas, San Antonio.

March 29, 1989.

Raymond Angelini, Angelini & Macrae, San Antonio, for appellant.

Fred G. Rodriguez, Jay Brandon, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CARR and ONION,* JJ.

## OPINION

ONION, Assigned Justice.

This appeal is taken from a conviction for aggravated rape of a child under former

* Presiding Judge, Court of Criminal Appeals, Retired. Sitting by appointment of the Chief Justice of the Supreme Court of Texas.

Sections 21.03 and 21.09 of the Texas Penal Code (*repealed* in 1983). The jury, having found the appellant guilty, assessed his punishment at 99 years' confinement in the department of Corrections, and in addition assessed a $10,000.00 fine.

At the outset we are confronted with appellant's initial contention on appeal that the trial court erred in denying his motion to dismiss the indictment as the prosecution was barred by the statute of limitations. The State takes the position that the applicable statute of limitations is the ten year one for the specially enumerated offense of sexual assault under TEX.PENAL CODE ANN. § 22.011(a)(2). *See* TEX. CODE CRIM.PROC.ANN. art. 12.01(2)(D) as amended in 1987. The State urges the trial court ruled correctly on appellant's motion.

The indictment presented for the first time on January 20, 1988, alleged that the offense of aggravated rape of a child occurred "on or about the 1st day of December, A.D. 1982."

At the time of the alleged offense TEX. PENAL CODE ANN. § 21.09 proscribed the rape of a child, a second degree felony. The indictment alleged, however, that the complainant was younger than fourteen years of age which elevated the offense to a first degree felony under TEX.PENAL CODE ANN. § 21.03(5) (aggravated rape) in effect at the time.

At the time of the alleged offense it is undisputed that the applicable statute of limitations for the offenses of rape of a child or aggravated rape of a child was three years. This is so because in 1982 neither offense was specifically enumerated in the statute of limitations (TEX.CODE CRIM.PROC.ANN. art. 12.01) and therefore fell under the catch-all portion of the statute for "all other felonies" which provided for a three year statute of limitation period from the date of the commission of the offense.[1]

1. *See* TEX.CODE CRIM.PROC.ANN. art. 12.-03(d) in effect at time providing that an aggravated offense carried the same limitation as the primary crime.

For years in Texas the offense of "rape" carried with it a one year period of limitation. *See* TEX.CODE CRIM.PROC. art. 178 (1925); TEX.CODE CRIM.PROC.ANN. art. 12.02 (1965); *See also Norman v. State*, 91 Tex.Crim. 486, 239 S.W. 976 (1922); *Gonzales v. State*, 62 S.W. 1060 (Tex.Crim.App.1901); *Carr v. State*, 36 Tex.Crim. 390, 37 S.W. 426 (1896); *Anschicks v. State*, 6 Tex.Cr.R. 524 (1879).

With the enactment of the 1974 Penal Code sexual offenses including rape, rape of a child, sexual abuse, etc. were incorporated in Chapter 21 thereof. In a conforming amendment Article 12.01 of the Code of Criminal Procedure was amended and it provided felony indictments may be presented within the enumerated limits and not afterward "(4) one year from the date of the commission of the offense; any felony in Penal Code Chapter 21 (Sexual Offenses)" (Acts 1973, 63rd Leg. p. 975, ch. 399, § 2(B), eff. Jan. 1, 1974).

However, at the next session of the Legislature said Article 12.01 was again amended. The above quoted subsection (4) was deleted entirely and subsection (5) (the "all other felonies"—three years limitation) became the new subsection (4). (Acts 1975, 64th Leg. p. 478, ch. 203, § 5, eff. Sept. 1, 1975). Thus for the first time in many a year neither "rape" nor sexual offenses were specifically enumerated in the statutes and fell under the three year period of limitation. This was the law at the time of the alleged offense in the instant case (on or about December 1, 1982).

In 1983, after the date of the alleged offense in the instant case, the said Article 12.01 was again amended in a separate bill (S.B. 343) independent of other pending legislation in the 68th Legislature. Subsection (C) was added to Section 3 of the said Article 12.01 as follows, in pertinent part:

(3) five years from date of the commission of the offense:

(A) . . .

(B) . . .

(C) rape, aggravated rape, sexual abuse, rape of a child, sexual abuse of a child. . . .

(Acts 1983, 68th Leg. p. 413, ch. 85, eff. Sept. 1, 1983).[2]

■ Prior to the effective date of such legislation the previous three year limitation then applicable in the instant case had not expired. It is well established in Texas that a statute extending the period of limitation applies to all offenses not time-barred at the time of the passage of the act so that a prosecution may be commenced at any time within the new duly established period, although the old period of limitation has then expired. *Lindsey v. State*, 760 S.W.2d 649 (Tex.Crim.App.1988); *Archer v. State*, 577 S.W.2d 244 (Tex.Crim.App.1979); *see also Rose v. State*, 716 S.W.2d 162 (Tex.App.—Dallas 1986); 21 AM.JUR.2d, *Criminal Law*, § 224, pp. 410–411. *Cf. however, Rubin v. State*, 390 So.2d 322 (Fla.1980).

Statutes of limitations, being measures of public policy subject to the will of the legislature, may be changed or repealed without violating constitutional provisions against ex post facto laws in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitations. However, a prosecution barred by a statute of limitations cannot be revived by the passage of a statute extending the period of limitations since this would give the act an ex post facto operation. 21 TEX. JUR.3d, *Criminal Law*, § 1625, p. 433–434.

Appellant does not disagree with *Archer* and like cases, but that does not end the story. Independently coursing through the 1983 legislative session at the time as S.B. 343 was H.B. 2008 which brought about dramatic changes important to the question before us. (Acts. 1983, 68th Leg. p. 5311, ch. 977, eff. Sept. 1, 1983).[3]

**2.** S.B. No. 343 passed the Senate on Feb. 2, 1983. It passed the House with Amendments on April 21, 1983. Senate concurred in House Amendments on April 26, 1983 and the bill was approved on May 3, 1983.

**3.** H.B. 2008 passed the House on May 12, 1983, and passed the Senate with Amendments on May 27, 1983. The House concurred in said amendments on May 29, 1983. The bill was

H.B. 2008 repealed the offenses of rape, aggravated rape, rape of a child, sexual abuse, aggravated sexual abuse and sexual abuse of a child which formerly had been collected in Chapter 21 of the Penal Code as sexual offenses. New assaultive offenses were created, renamed and added to Chapter 22 of the Penal Code. Sexual assault became § 22.011 and aggravated sexual assault became § 22.021. H.B. 2008 stated that it intended to redefine the offenses as assaultive, revising the elements of, penalties for, and period of limitation applicable to the new offenses.

Section 12 of H.B. 2008 provided expressly that §§ 21.02, 21.03 (aggravated rape), 21.04, 21.05, 21.09 (rape of a child), 21.10 and 21.12 of the Penal Code were repealed.

H.B. 2008 further provided:

Sec. 13

(a) The change in the law made by this Act applies only to an offense committed on or after the effective date of this Act.

(b) *An offense committed before the effective date of this Act is covered by the law in effect at the time the offense was committed, and the former law is continued in effect for that purpose.* For purposes of this section an offense is committed before the effective date of this Act if any element of the offense occurs before the date.

(emphasis supplied)

It is thus clear that sections 21.03 and 21.09 under which appellant was eventually charged was repealed by Section 12 of H.B. 2008, but such law was continued by Section 13 for all offenses committed before the effective date of the Act (Sept. 1, 1983). In the instant offense alleged to have occurred on December 1, 1982, appellant could have only been prosecuted for "rape of a child" or "aggravated rape of a child" but not for the newly created assaultive offenses. He was prosecutable under the former statutes and their elements, penalties, etc. and subject to the parole law eligibility law at the time of the offense or offenses. *See Ex parte Alegria,* 464 S.W.2d 868 (Tex.Crim.App.1971).

approved on June 19, 1983, and became effec-

H.B. 2008 also provided, most importantly, that Article 12.01 of the Code of Criminal Procedure was to be amended again by adding another Section 3(C) providing a five year period of limitation for the new offenses of sexual assault.

Thus, Article 12.01 ended up with two sections "3(C)," one created by S.B. 343 and another by H.B. 2008, each bringing different enumerated offenses under the five year period of limitation. There was no conflict between the sections, and the only duplication was in section or subsection numbers. This sometimes happens when two different bills independently amend the same statute in the same legislative session.

In 1985, the said Article 12.01 again underwent legislative surgery. The first section 3(C) relating to the five year period of limitation for the repealed offenses of rape, aggravated rape, sexual abuse, aggravated sexual abuse, rape of a child and sexual abuse of a child was struck and deleted from the statute. The second section 3(C) relating to sexual assault was left in place, but the offense of "indecency with a child" was added thereto. (Acts 1985, 69th Leg. p. 1393, ch. 330, H.B. 1149, eff. Aug. 26, 1985).

It is appellant's argument that upon the effective date of this latter Act that the offense with which appellant was subsequently charged was no longer specifically enumerated in the statute of limitation providing for a certain period of limitation, and thus, fell into the "all other felonies" provision and the three year limitation period. *See* TEX.CODE CRIM.PROC.ANN. art. 12.01(4). The State contends however, the offense of aggravated rape of a child continued in the five year limitation period because it fell within the scope of specifically enumerated offense of sexual assault in the remaining section 3(C) of Article 12.01.

In 1987, the felony statute of limitations (article 12.01) was again changed by H.B. 494, an act relating to period of limitation for the offense of sexual assault (which

tive September 1, 1983.

itself was again amended in 1987). H.B. 494 amended section 2 of Article 12.01 providing for a ten year period of limitation by adding a subsection "(D) sexual assault under Sec. 22.011(a)(2) of the Penal Code; indecency with a child." Further, section 3(C) relating to the five year period of limitation was amended to read "(C) sexual assault, except as provided in subsection 2(D) of this Article." The offense of "indecency with a child" was deleted therefrom and added to section 2(D) as earlier noted. (Acts 1987, 70th Leg., ch. 716, p. 2591, eff. Sept. 1, 1987).

Appellant argues that after the 1985 enactment the three year period of limitation was the only one applicable to the offense of aggravated rape of a child and that as to appellant's alleged offense the period of limitations expired on December 1, 1985, and that when the instant indictment was returned on January 20, 1988, alleging that the offense occurred on or about December 1, 1982, the prosecution was barred by limitation and the instant indictment so showed on its face without any factors tolling the statute of limitations being alleged.

The State, on the other hand, argues that since 1985 the period of limitations for which appellant was charged was governed by the subsequently created offense of sexual assault specifically enumerated in section 3(C) of Article 12.01 under the five year period of limitation despite the deletion of rape of a child as a specifically enumerated offense. The State further argues that in 1987 when sexual assault of a child under section 22.011(a)(2) was added as a specifically enumerated offense under the ten year period of limitation it carried along with it the repealed rape of a child offense. The State urges the Legislature could not have intended otherwise, even though it did not expressly say so. The State contends that if the appellant was charged today under the same facts he would be charged with sexual assault under section 22.011(a)(2), although the offense is broader in scope.

In *Donald v. State*, 165 Tex.Crim. 252, 306 S.W.2d 360 (1957) it was held that in absence of a statute *specifically* fixing a limitation period for conspiracy the statute of limitations requiring an indictment "for any other felony" to be presented within three years from the commission of the offense was applicable. *See also Cooper v. State*, 527 S.W.2d 563 (Tex.Crim.App.1975). And in *Boyett v. State*, 487 S.W.2d 357 (Tex.Crim.App.1972) it was held that the then one year period of limitation for rape was not applicable to a sodomy indictment in absence of a specific enumerated statute of limitation for sodomy, and the proper period of limitation was the three year statute applicable to "all other felonies." *Cf Nelson v. State*, 612 S.W.2d 605 (Tex.Crim. App.1982) (distinguishing between rape of a child and incest although the statute of limitation was not involved).

In the earlier case of *Dinklage v. State*, 135 Tex.Crim. 10, 117 S.W.2d 111 (1938) it was pointed out that an accomplice to crime and the crime itself are separate and distinct offenses, and the offense of an accomplice to burglary was covered by the three year statute of limitations regarding felony offenses not specifically mentioned, and the prosecution was barred although the specific statute of limitation for burglary itself was five years.

■ And one may not be convicted of a lesser included offense if the period of limitation for the lesser offense has expired notwithstanding the fact that one could be convicted of the greater crime or offense charged in the indictment due to a longer applicable period of limitation. *See McKinney v. State*, 96 Tex.Crim. 342, 257 S.W. 258 (1923); *Alston v. State*, 738 S.W.2d 762 (Tex.App.—Beaumont 1987); *Peacock v. State*, 690 S.W.2d 613 (Tex.App.—Tyler 1985). *See also* 21 AM.JUR.2d, *Criminal Law*, § 225, p. 411.

Over the years the Texas Legislature has followed a consistent pattern in enacting statutes of limitation in criminal actions regarding felony offenses. In pursuing such pattern the Legislature has expressly enumerated or listed certain named felonies subject to designated periods of limitation and lumped "all other felonies" in a catch-all provision with a three year period of limitation. In interpreting the legisla-

tive intent the courts as indicated by the above cited cases, have refused to include in the designated or named felonies other offenses merely because they were like or similar offenses or lesser included offenses, etc. The Legislature, aware of such judicial interpretation, has continued such pattern, sometimes adding or dropping some felonies from the enumerated list of offenses, such acts being indicative of the legislative will and intent.

Early on in Texas it was held that statutes of limitation are to be construed liberally in favor of the defendant. *State v. Asbury,* 26 Tex. 82 (1861); *White v. State,* 41 Tex.Cr.R. 488 (1878). *See also* 22 C.J.S., *Criminal Law,* § 224, p. 576 noting that such statutes are construed narrowly, or strictly against the State.

In determining legislative intent it is observed that the Code Construction Act is applicable to any amendment, repeal, revision and reenactment of any provision of the Code of Criminal Procedure enacted by the 60th Legislature or any subsequent legislature. *Barbee v. State,* 432 S.W.2d 78 (Tex.Crim.App.1968), *cert. den.,* 395 U.S. 924, 89 S.Ct. 1779, 23 L.Ed.2d 241; *Ceasar v. State,* 624 S.W.2d 669 (Tex.App.—Beaumont 1981). The Code Construction Act is now a part of the TEX.GOV'T CODE ANN. § 311.002. The rules provided therein are not exclusive. § 311.003. Having examined §§ 311.021–311.023 of the said Code Constructive Act in construing the amendments to Article 12.01 of the Code of Criminal Procedure we conclude that in 1985 when the Legislature repealed the first section 3(C) from Article 12.01, which had in black letter law expressly included rape of a child within the five year period of limitation, the applicable period of limitation for prosecution of offenses occurring before the repeal of the rape of child statutes was three years. The offense no longer being

specifically enumerated in the statute, it fell in the "all other felonies" provision. *See* TEX.CODE CRIM.PROC.ANN. art. 12.01(4). *Beaird v. State,* 734 S.W.2d 17 (Tex.App.—Houston [1st Dist.] 1987, review ref'd) has the same result as to the rape of a child offense. *See also Higgins v. State,* 764 S.W.2d 311 (Tex.App.—Houston [14th Dist.] 1988) (aggravated rape) (not yet reported). *See and cf. Lindsey v. State,* 760 S.W.2d 649 (Tex.Crim.App.1988) (aggravated rape). If the Legislature had intended otherwise the deletion would not have been made, or it would have expressly provided otherwise given the past judicial interpretation of the statutes of limitation. We reject the State's argument that at the time of the 1985 repeal of the first section 3(C) of Article 12.01, without more, that the prosecution of an offense for aggravated rape of a child under the repealed §§ 21.03 and 21.09 of the Penal Code was somehow incorporated in the five year limitation period applicable to sexual assault, and before that period of limitation expired the ten year period limitation took over in light of the 1987 amendment to Article 12.01 expressly making that portion of the offense of sexual assault under § 22.011(a)(2) subject to that limitation period.

The three year limitation period being applicable to the instant offense, and the date alleged in the indictment being December 1, 1982, appellant's prosecution was barred on December 1, 1985 long before the return of the indictment on January 20, 1988. The trial court erred in overruling appellant's motion to dismiss the indictment—his plea in bar.[4]

Appellant's point of error is sustained. The judgment of the trial court is reversed, and the indictment is ordered dismissed.

---

4. A charging instrument filed after the period of limitation has expired is without authority of law. *Vasquez v. State,* 557 S.W.2d 779, 783 (Tex.Crim.App.1977). The burden of proof is always upon the State to show the offense was committed prior to the presentment of the indictment and within the period of limitation regardless of the date alleged; if the indictment

on its face would show that the offense alleged is barred by limitation then factors tolling the statute of limitations must be alleged and proved by the State. *Vasquez, supra,* at 783. *See also Ex parte Dickerson,* 549 S.W.2d 202 (Tex.Crim.App.1977); *Wilson v. State,* 730 S.W.2d 438 (Tex.App.—Fort Worth 1987, review ref'd).