Jerry BEAIRD, Appellant,

v.

The STATE of Texas, Appellee.

No. 835–87.

Court of Criminal Appeals of Texas, En Banc.

May 31, 1989.

William W. Vance, Bryan (court appointed on appeal), for appellant.

Bill Turner, Dist. Atty., Todd Jermstad, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty., and Carl E.F. Dally, Sp. Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was indicted on September 12, 1985, for the offense of rape of a child, alleged to have been committed on or about July 15, 1981. A jury found him guilty and assessed punishment at ten years confinement in the Texas Department of Corrections. The court of appeals reversed his conviction and ordered the prosection dismissed. *Beaird v. State*, 734 S.W.2d 17 (Tex.App.—Houston [1st] 1987). We originally refused the State's petition for discretionary review, but granted the State's petition on motion for rehearing for consideration in light of *Lindsey v. State*, 760 S.W.2d 649 (Tex.Cr.App.1988).

In reversing this cause, the court of appeals held that appellant's prosecution was barred by the three year statute of limitations presently found in Article 12.01(4), V.A.C.C.P.

At the time the offense was allegedly committed, July 15, 1981, the statutory limitation period for rape of a child under then V.T.C.A. Penal Code, § 21.09, was three years from the date of the commission of the offense. In Acts 1983, 68th

Leg., p. 413, ch. 85, § 1, however, Article 12.01(3)(C), was amended, effective September 1, 1983, to extend the limitation period for the offense of rape of a child to five years. See *Lindsey v. State,* supra at 654. The court of appeals correctly held this to be a permissible extension for the offense committed by appellant, since his conviction was not barred by limitations prior to the effective date of the extension. *Beaird v. State,* supra at 18, citing *Archer v. State,* 577 S.W.2d 244 (Tex.Cr.App.1979).

In 1985, Article 12.01 was again amended, effective August 26, 1985. Acts 1985, 69th Leg., p. 1393, ch. 330, § 1. Subsection (3)(C), listing rape of a child as an offense to which a five year limitation period applied, was repealed.

The court of appeals held that, because appellant was not indicted until September 12, 1985, *after* the effective date of the repeal of the five year statute of limitations for rape of a child, the applicable limitation period for that offense must be found in Article 12.01(4), the "catch-all" three year limitation period applicable to "all other felonies." Because the three year period following the date of the alleged offense had long expired by September 12, 1985, the court of appeals concluded, prosecution of appellant was barred. Finding this conclusion to be wholly consistent with our opinion in *Lindsey v. State,* supra at 654–55, we adopt it now. See *Gallardo v. State,* 768 S.W.2d 875 (Tex.App.—San Antonio 1989).

The State argues that the five year statute of limitations applicable by its terms to the offense of "sexual assault" should also be held to apply to prosecutions under the former proscription for rape of a child. However, we rejected a nearly identical argument in *Lindsey v. State,* supra at 653–54, and decline to revisit it here.

The judgment of the court of appeals is affirmed.

BERCHELMANN, J., dissents.