John Wesley FORD, Appellant,

v.

The STATE of Texas, State.

No. 2–94–158–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 7, 1995.

Rehearing Overruled Nov. 2, 1995.

Danny C. "Dan" Williams, Decatur, for appellant.

Barry S. Green, Dist. Atty., Lindy Borchardt, Asst. Dist. Atty., Decatur, for appellee.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Appellant, John Wesley Ford, was convicted of aggravated sexual assault of a child by a jury, which then assessed punishment at confinement for seventy years in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX.PENAL CODE ANN. § 22.021 (Vernon 1994). He brings four points of error: (1) the trial court erred in not granting appellant's Motion to Quash the Indictment; (2) the trial court erred in not granting appellant's Motion to Dismiss the Indictment for violation of the right to a speedy trial; (3) the trial court erred in not dismissing the indictment because the State failed to show just cause why appellant was reindicted; and (4) the trial court erred in overruling appellant's objection to the use of the outcry witness. We overrule his points of error and affirm the judgment of the trial court.

## FACT SUMMARY

Appellant and Cathy L., along with her two children, C.L. and P.L., shared a trailer near Rhome, in Wise County, Texas. Cathy L. testified that, although she loved appellant, their relationship was frequently turbulent. According to Cathy L., her daughter had been removed from the household in April 1989 and placed in foster care while authorities investigated allegations that appellant had molested C.L. Notwithstanding this investigation, Cathy L. and her son, P.L., continued living with appellant.

According to P.L., appellant had sexually assaulted him on more than one occasion, and on May 21, 1989 the child complained to his mother about the events. P.L. testified that he and appellant were alone in the trailer when appellant pulled down the boy's pants and began fondling him. P.L., who was eight years old at the time of the events in question, said that appellant instructed him to get a jar of Vaseline from the bathroom and that appellant then put the Vase-

line on his own penis. P.L. said appellant then penetrated him anally before forcing the child to engage in oral sex.

Cathy L. testified that P.L. had told her about being forced to perform oral sex on appellant and that the activities made the child sick to his stomach. Cathy also admitted that she didn't want to believe appellant had molested her daughter, but that when P.L. complained of the assault, her attitude changed. She stated that, "[appellant] could try to convince me that one person was lying, but it's kind of hard when there's two kids telling the same story."

## PROCEDURAL BACKGROUND

The procedural history of this case is complex. According to the State[1], appellant was indicted on August 25, 1989 in two separate cases: (1) the alleged sexual assault of C.L., the sister of the victim in the instant case[2]; and (2) the alleged aggravated sexual assault of "P. Ford," whose last name was incorrectly identified in the indictment.

In January 1994, appellant challenged the wording of the indictment alleging the sexual assault of "P. Ford" in a Motion to Quash. Although that Motion to Quash was overruled, the State filed a Motion to Dismiss the Indictment later that month but reindicted appellant with the victim correctly identified as "P.L." An order dismissing the original cause number, alleging the assault of "P. Ford" was signed on February 3, 1994.

On March 1, 1994, the trial court held an evidentiary hearing on a second Motion to Quash, in which appellant argued that the indictment was barred by limitations. Appellant also filed a Motion to Dismiss the

1. The State provides, in its brief, a synopsis of the relevant events. Appellant does not dispute the chronology, nor does appellant provide an alternate version. We therefore rely on the State's chronology.

2. Appellant was tried on July 1, 1991 on this indictment. A jury convicted appellant and assessed punishment at confinement for ten years probated for ten years. That conviction was appealed to this court, which affirmed in appellate cause number 2–91–291–CR.

3. At the time the *Beaird* offense was allegedly committed, the statute of limitations for rape of a child was three years from the date of the com-

Indictment for Violation of Right to Speedy Trial. Both motions were overruled by the trial court. Trial began on March 7, 1994.

## POINT OF ERROR ONE

Appellant first complains that the trial court erred in not granting his Motion to Quash the Indictment. Appellant notes that both the original indictment, naming "P. Ford" as the complainant, and the January 1994 indictment, naming "P.L." as the complainant alleged the assault occurred on or about May 20, 1989. Appellant also notes that the corrected indictment was returned more than three years after the date of the alleged assault.

Appellant contends that this violated the three-year statute of limitations because aggravated sexual assault, a specific intent crime set out in section 22.021 of the Texas Penal Code, is not included as a crime in which the Legislature extended the limitations period. Appellant relies on *Beaird v. State*, 772 S.W.2d 116, 117 (Tex.Crim.App. 1989), where the Court of Criminal Appeals held that the Legislature removed "rape of a child" as an offense to which the extended statute of limitations applied.

■ We find appellant's argument particularly unconvincing in light of the fact that he relies on an opinion interpreting an outdated, and since altered, amendment to the Code of Criminal Procedure. *Beaird* involved an offense which allegedly occurred in 1981, and the court's decision turned on a 1985 amendment to the Code of Criminal Procedure repealing a five-year statute of limitations for the offense of "rape of a child".[3] *Id.*

mission of the offense. In 1983, that statute of limitations was extended to five years, and the extension occurred prior to the running of the original three-year statute of limitations. Thus, because the Legislature in 1983 extended the statute of limitations before time to prosecute Beaird had run out, the prosecutor could have indicted after 1984. However, in 1985, the five-year statute of limitations was repealed, and the period of time in which the State could bring such charges was returned to three years. *See* Tex Code Crim.Proc Ann. art. 12.01 (Vernon 1981), *amended by* Act of May 10, 1983, 68th Leg., R.S., ch. 85, § 1, 1983 Tex.Gen.Laws 413; Act of June 8, 1985, 69th Leg., R.S., ch. 330, § 1, 1985 Tex.Gen.Laws 1393.

Here, the date of the alleged offense was May 20, 1989, and the indictment appellant sought to quash was returned in January, 1994, nearly five years later. Under the Code of Criminal Procedure *in effect at the time of the alleged offense*[4], the statute of limitations for sexual assault under section 22.011(a)(2) of the penal code[5] was ten years. That provision of the penal code barred sexual assault of a child by listing violations of the nature alleged in the instant indictment. Additionally, the Code of Criminal Procedure makes it clear that any offense which bears the title "aggravated" carries the same limitation period as the primary crime.[6] The Code of Criminal Procedure was amended in 1991, but that amendment left unchanged the statute of limitations for sexual assault of a child.[7] Thus, the three-year statute of limitations for "rape of a child" adopted in 1985 and relied on by the *Beaird* court was changed to ten years in 1987, and that alteration has been unchanged in the interim. Point of error one is overruled.

## POINT OF ERROR TWO

Appellant next complains that the trial court erred in failing to grant his Motion to Dismiss Indictment for Violation of Right to Speedy Trial. He was initially indicted three months after the alleged offense, and says he was out on bond but surrendered to the Wise County sheriff in 1992. A corrected indictment was handed down in January 1994, and the faulty indictment was dismissed one month later.

Appellant asserts that he was under indictment for this offense for five years prior to trial and maintains that the preparation of his defense was impaired because witnesses had disappeared and evidence had been lost.

According to the State, an evidentiary hearing was held on appellant's speedy trial motion and sworn testimony was presented to establish the procedural history of this case. Appellant does not dispute that a hearing on his motion was held and that testimony was presented[8]. We do not have a statement of facts from that hearing; the State claims appellant did not request that a Statement of Facts from that hearing be included for this appeal. Appellant correctly notes that the State has the burden of proof to justify the delay in proceeding to trial, and that where the record is silent as to the delay, the presumption arises that no valid reason for the delay exists. *See State v. Hernandez*, 830 S.W.2d 631, 634 (Tex.App.— San Antonio 1992, no pet.). However, appellant has a burden, as the party seeking review, to see that a sufficient record is presented to show error requiring reversal. *See* Tex.R.App.P. 50(d). We cannot determine whether the State has met its burden of showing a valid reason for the delay because we have no way of reviewing the evidence from the hearing on appellant's motion. Appellant has failed to preserve error. Accordingly, point of error two is overruled.

## POINT OF ERROR THREE

Appellant next complains that the trial court erred in not dismissing the indictment because the State, he maintains, failed to show just cause why appellant was reindicted. He maintains that the State failed to obtain the judge's approval prior to reindictment and that the reindictment was retaliatory in nature.

Appellant never brought this complaint to the attention of the trial court pursuant to rule 52(a) of the Texas Rules of Appellate Procedure. By failing to make a timely, specific objection at the earliest possi-

---

4. *See* Tex.Code Crim.Proc.Ann. art. 12.01, *amended by* Act of June 18, 1987, 70th Leg., R.S., ch. 716, § 1, 1987 Tex.Gen.Laws 2591.

5. *See* Tex.Penal Code Ann. § 22.011(a)(2) (Vernon 1974), *as amended* Act of June 19, 1987, 70th Leg., R.S., ch. 1029, § 1, 1987 Tex.Gen.Laws 3474.

6. *See* Tex.Code Crim.Proc.Ann. art. 12.03 (Vernon 1986), *amended by* Act of June 20, 1987, 70th

Leg., R.S., ch. 1133, § 1, 1987 Tex.Gen.Laws 3870.

7. *See* Act of June 15, 1991, 72nd Leg., R.S., ch. 565, § 6, 1991 Tex.Gen.Laws 2004.

8. Correspondence from the trial court confirming the denial of appellant's speedy trial motion does not indicate whether a hearing was held on the matter.

ble opportunity and obtain an adverse ruling on it, appellant has failed to preserve this complaint for appellate review. *Cooper v. State,* 500 S.W.2d 837, 841 (Tex.Crim.App. 1973). Point of error three is overruled.

## POINT OF ERROR FOUR

Appellant's final complaint is that the trial court erred in overruling his objection to the use of an outcry witness. Specifically, appellant complains that Cathy L., [who was designated as the outcry witness on February 18, 1994], was not the person who had heard the first outcry. Additionally, he maintains the State did not meet its burden to show the witness was necessary to protect the child's welfare. Appellant also claims the reliability of the outcry statement was brought into question because Cathy L. admitted that the prior statement of P.L. did not claim any anal penetration. He maintains the testimony elicited from the outcry witness was not harmless and that without that testimony, he would not have been convicted.

█ Appellant appears to be arguing that, because Cathy L. admitted that P.L.'s outcry to her did not mention any penetration, as he testified at trial, reliability was not established. However, appellant made no such objection at trial. Although he complained that Cathy L. was not the first person told of the assaults by P.L. and that the State failed to show the outcry testimony was necessary to protect the child's welfare, he did not voice to the trial court his concern that neither the victim nor the outcry statement was not reliable. In the absence of a timely motion or objection, nothing is presented for appellate review. *Cooper,* 500 S.W.2d at 841.

█ Appellant's claim that Cathy L. was not the first person told of the assaults by P.L. stems from the fact that Veronica Rhodes was previously designated as the outcry witness in connection with the aggravated sexual assaults of *both* of Cathy L.'s children when the indictments were first handed down in 1989. The designation of Rhodes as the outcry witness in a May 29, 1991 letter from the prosecutor was introduced as Defendant's Exhibit Number 1, and Rhodes's potential testimony was described as follows:

Rhodes will testify that the victim approached her after a class during which the subject of pre-marital sex was discussed. The victim asked Rhodes whether God would punish a person even when the person had no control over the situation. The victim then told Rhodes that *she* had been molested by *her* mother's boyfriend, [appellant] on or about April 10, 1989. Rhodes told the minister of the church, who in turn reported the incident to authorities. (Emphasis added.)

It appears to us that Cathy L.'s *daughter* made outcry statements to Rhodes after the April assault but that Rhodes was not necessarily the first person told of the assaults on P.L. We do not know why Rhodes was designated as the outcry witness in connection with *both* of the 1989 indictments, which pertained to the sexual abuse of P.L. and his sister, and we note the prosecutor's delay in complying with section 38.072 of the Code of Criminal Procedure. However, we also note that at trial, P.L. testified that his mother, Cathy L., was the first person he told of the assault, and Cathy L. testified that, as far as she knew, she was the first person P.L. told of the assault. It was not an abuse of discretion for the trial court to find that Cathy L. was the first person P.L. told about the assaults. *See Schuster v. State,* 852 S.W.2d 766 (Tex.App.—Fort Worth 1993, pet. ref'd).

Finally, appellant argues that a required predicate for the admissibility of an outcry statement is the showing that the use of the statement is necessary to protect the child's welfare; for support, he relies on *Garza v. State,* 828 S.W.2d 432 (Tex.App.—Austin 1992, pet. ref'd) as well as article 38.072 of the Code of Criminal Procedure.

█ Our understanding of *Garza* requires the State to establish the reliability of the outcry statement and show that the use of the statement is necessary to protect the child's welfare when the child victim *does not testify.* *Garza,* 828 S.W.2d at 435–36. *Garza* discusses *Holland v. State,* 802 S.W.2d 696 (Tex.Crim.App.1991), which outlines the obligations of the State when a defendant raises a constitutional objection to the use of an outcry statement. *Garza,* 828 S.W.2d at 435. *Holland* requires the State to show

that: (1) the statement is reliable,[9] and (2) use of the statement is necessary to protect the child's welfare. *Holland,* 802 S.W.2d at 699–700. *Holland* recognizes that an alternative to this second step is for the State to call the child witness to testify, as was the case here. *Id.* at 699. Thus, the State did not have to establish that the use of the outcry statement was necessary to protect the child's welfare. Point of error four is overruled.

The judgment of the trial court is affirmed.

---

9. Article 38.072 of the Code of Criminal Procedure requires such a showing in any instance where an outcry statement is to be used.