TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00634-CR







Darryl T. Richards, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C96-6992, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING








 This appeal is taken from a conviction for possession of marihuana of not more than two
ounces. Tex. Health & Safety Code Ann. § 481.121(b)(1) (West Supp. 1998). In this bench trial, the
court assessed punishment at confinement in the county jail for 180 days. (1)


POINTS OF ERROR


 Appellant Darryl T. Richards advances three points of error. First, he challenges the legal
and factual sufficiency of the evidence to support his conviction. (2) Second, appellant contends that the trial
court "erred in denying appellant's motion to suppress evidence seized subsequent to traffic stop." Third,
appellant urges that the trial court "erred in appellant's motion to suppress his oral statement." We will
affirm the judgment of conviction.


FACTS


 On November 25, 1996, about 2:40 a.m., Russell Culver was on patrol alone. The area
was described as a high-crime district where there had been "a lot of problems." Officer Culver observed
a car without a rear license plate light, a traffic violation. The car stopped in response to the overhead lights
and siren on Culver's patrol vehicle. The officer approached the car, identified himself, and asked for a
driver's license. As he did, Officer Culver noticed the strong odor of burning marihuana coming from the
car. The driver was the sole occupant of the car. Culver asked the driver, whom he identified as appellant,
to step outside the car. After appellant got out of the car, the officer noticed that the smell of marihuana
was emanating from appellant's person. Officer Culver then asked for and obtained appellant's consent
to search the car. Culver told appellant that he was not under arrest, but placed him in the patrol unit while
the officer searched the car. Under the console between the car seats, Officer Culver found a cigarette
carton, the hard box type, two inches by five inches in size. Inside the carton, the officer found what he
called a blunt, a roach or a joint of marihuana, rolled up in a cigarette paper. It was "half used" and
appeared to be freshly smoked.

 At this point, the officer informed appellant what he found in the search, and appellant
acknowledged that it was his. Appellant was arrested, handcuffed, and taken to jail. Culver then field-tested the substance. The chain of custody was established. The chemist from the Department of Public
Safety testified the substance was .33 grams of marihuana, a useable quantity.

 In his testimony, appellant proclaimed his innocence. He stated that he had borrowed the
car in question from a soldier at the City Lights Club in Killeen. He "knew" the soldier but did not know
his name. The car bore Tennessee license plates and was not registered to appellant. Appellant testified
that he had only been in the car five to seven minutes before he was stopped. He claimed that he had never
been in the car before, had not smoked marihuana in the car, and denied that the marihuana was his, or that
he told the officer that it belonged to him. Appellant recalled that the substance shown to him at the scene
was in a pack of cigarettes rather than a carton. On cross-examination, appellant revealed that he smelled
the odor of burning marihuana when he first got into the car. When asked if that did not "alert" him, he
replied: "Somewhat, ma'am."


FIRST POINT OF ERROR


 The first point of error deals with the sufficiency of the evidence, both legally and factually. 
We shall deal with these matters separately.


Legal Sufficiency


 In determining whether the evidence is legally sufficient to support the judgment, we view
the evidence in the light most favorable to the judgment, asking whether any rational trier of fact could have
found beyond a reasonable doubt all the essential elements of the offense charged. See Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Lane v. State, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996);
Emery v. State, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994), cert. denied, 513 U.S. 1192 (1995).

 The evidence, viewed in this light, and all reasonable inferences drawn therefrom, are
evaluated in this review. See Alvarado v. State, 912 S.W.2d 199, 207 (Tex. Crim. App. 1995). A
reviewing court must consider all evidence, rightly or wrongly admitted, which the trier of fact was
permitted to consider. See Garcia v. State, 919 S.W.2d 370, 378 (Tex. Crim. App. 1997); Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993); Beltran v. State, 728 S.W.2d 382, 389 (Tex.
Crim. App. 1987). The standard for review is the same for both direct and circumstantial evidence. Green
v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992). In analyzing a challenge to the legal sufficiency
of the evidence, the reviewing court does not realign, disregard, or weigh the evidence. Rodriguez v.
State, 939 S.W.2d 211, 218 (Tex. App.--Austin 1997, no pet.). The trier of fact is the sole judge of the
credibility of the witnesses and the weight to be given the testimony, and may accept or reject all or any
part of any witness's testimony. Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984);
Wright v. State, 603 S.W.2d 838, 840 (Tex. Crim. App. 1979) (op. on reh'g) (where trial court was the
trier of fact). Reconciliation of evidentiary conflicts is solely the function of trier of fact. See Miranda v.
State, 813 S.W.2d 724, 733-34 (Tex. App.--San Antonio 1991, pet. ref'd); Juarez v. State, 796
S.W.2d 523, 524 (Tex. App.--San Antonio 1990, pet. ref'd). Moreover, the evidence is not rendered
insufficient merely because the defendant presented a different version of the events. Fierro v. State, 867
S.W.2d 43, 47 (Tex. Crim. App. 1993).

 Unlawful possession of a controlled substance contains two elements. The State must
prove (1) that the accused exercised care, control, and management over the contraband, and (2) that the
accused knew the substance being possessed was contraband. See Martin v. State, 953 S.W.2d 384,
386 (Tex. Crim. App. 1988). An affirmative link must be established between the accused and the
contraband demonstrating both that the accused had control over it and that the accused had knowledge
of its existence and character. See Brown v. State, 911 S.W.2d 744 (Tex. Crim. App. 1995). This
"affirmative link" may be shown by direct or circumstantial evidence, and "it must establish to the requisite
level of confidence that the accused's connection with the drug was more than just fortuitous." Id.

 When the contraband is not found on the accused's person or it is not in the exclusive
possession of the accused, additional facts and circumstances must link the accused to the contraband. See
Menchaca v. State, 901 S.W.2d 640, 651 (Tex. App.--El Paso 1995, pet. ref'd). These additional facts
include any statements made by the accused, the proximity of the accused to the contraband and its
accessibility or visibility to the accused. See Francis v. State, 877 S.W.2d 441, 443 (Tex. App.--Austin
1994, pet. ref'd).

 In the instant case, appellant was the only occupant of the car, the marihuana was easily
accessible to him, his person smelled strongly of odor of marihuana, and he acknowledged to the officer
that the marihuana belonged to him.

 Viewing the evidence in the light most favorable to the trial court's judgment, we conclude
that a rational trier of fact could have found beyond a reasonable doubt all the essential elements of the
offense charged. The first point of error insofar as it challenges the legal sufficiency of the evidence is
overruled.


Factual Sufficiency


 A factual sufficiency of the evidence review begins with the presumption that the evidence
supporting the judgment was legally sufficient. See Clewis, 922 S.W.2d at 134. In a challenge to the
factual sufficiency of the evidence, we view the evidence without employing the prism of "in the light most
favorable to the verdict" (3) or judgment (in a bench trial). Id. at 129. A reviewing court must consider all
of the evidence impartially, comparing evidence that tends to prove the existence of a disputed fact or facts
with evidence that tends to disprove that fact or those facts. See Santellan v. State, 939 S.W.2d 155,
164 (Tex. Crim. App. 1997). The verdict or judgment is to be set aside only when the factual finding is
against the great weight and preponderance of the evidence so as to be clearly wrong and unjust. Clewis,
922 S.W.2d at 129; Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely
filed). In the factual sufficiency analysis, it must be remembered that the trier of the fact is the sole judge
of the weight and credibility of the testimony. See Santellan, 939 S.W.2d at 164. An appellate court
should be on guard not to substitute its own judgment in these matters for that of the trier of fact. Id. The
factual sufficiency analysis gives deference to the findings of the jury or other fact finder. Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997). "A decision is not manifestly unjust merely because the
jury [or fact finder] resolved conflicting views of the evidence in favor of the State." Id. at 410. Courts
of appeals are not at liberty to "engage in fact-finding." Id. at 409.

 As in Cain, most of the evidence presented in the instant case is subject to two equally
reasonable interpretations, one pointing to appellant's guilt and one pointing to appellant's innocence. Id.
at 410. The State's evidence showed that when stopped for a traffic violation, the car appellant was driving
and his person smelled strongly of freshly burned marihuana. A search, with appellant's consent, revealed
marihuana, which he admitted was his. Appellant's defense was that neither the car nor the marihuana was
his, and he denied telling the arresting officer otherwise. After examining all the evidence and giving
deference to the findings of the trial court, we conclude that the judgment rendered is not so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. The other part of point of error
one is overruled.


Second Point of Error


 In the second point of error, appellant contends that the trial court "erred in denying motion
to suppress evidence seized subsequent to a traffic stop." Appellant has not pointed out and we have not
found any pretrial motion to suppress in the record. See Tex. Code Crim. Proc. Ann. art. 28.01(6) (West
1989). Appellant apparently relies upon an objection made during the trial on the merits, but he makes no
record reference as to where the objection may be found. Rule 38.1 clearly requires record references
to the issues presented. See Tex. R. App. P. 38.1(h); see also former Tex. R. App. P. 74(d), (f); Foster
v. State, 779 S.W.2d 845, 864 (Tex. Crim. App. 1989), cert. denied, 494 U.S. 1037 (1990). It would
not appear that this alleged error has been preserved for review. Foster, 779 S.W.2d at 864. 

 Nevertheless, the State in its brief has selected an objection made by appellant and has
responded to it. Appellant has not contested such selection by supplemental brief or otherwise.

 During the direct examination of Officer Russell Culver, the State offered State's exhibit
One-B, an envelope containing the marihuana found. Appellant objected:


 Your Honor, at this time we would object to the introduction of State's Exhibit
Number One on the grounds of an illegal search and seizure, but I feel, really, that it would
be best if I could cross-examine this witness before I go forward with my objection
because I don't think that -- I think that some of these things he said may fall apart on
cross-examination, if I may have that opportunity.



 The trial court agreed to withhold any ruling on the admissibility of the exhibit subject to
cross-examination. When the exhibit was re-offered, appellant's only objection was based on the chain
of custody. The exhibit was admitted into evidence. Appellant never renewed his earlier objection or
obtained a ruling thereon.

 To preserve a complaint for review on appeal, a party must make a timely, specific
objection to the supported error and obtain a ruling on that objection. Tex. R. App. P. 33.1 (former Rule
52(a)). The error was not preserved for review. The second point of error is overruled.


Third Point of Error


 In his third point of error, appellant argues that the trial court "erred in denying appellant's
motion to suppress his oral statement." Here again, we find no pretrial motion to suppress. Appellant
appears to rely upon a trial objection but does not make record reference to any objection made. See Tex.
R. App. P. 38.1(h). It does not appear any error was preserved for review. Foster, 779 S.W.2d at 864.

 The State has again chosen an objection upon which it believes appellant is relying. The
record reflects that during direct examination of Officer Culver, he testified that after discovering the
marihuana, he advised appellant what he had found.


Q: What did you tell him you found?


A: I told him I found a marihuana joint and I asked him if it was his, and he stated that
it was.


Q: He said that it was his?


A: Yes, he did.


Q: Okay, and what did you do as a result of that?


A: At that point --


Mr. Potter [defense counsel]: Your Honor, if it pleases the Court, obviously, the finger of
suspicion was pointing towards him and he just walks up and he doesn't advise him of his
rights and he asked him to terminate his --


Ms. Carroll [prosecutor]: Your Honor, I'm going to object to him arguing his case at this
point.


The Court: I'm going to sustain the objection.


Mr. Potter: Thank you, Your Honor.



 It is not clear whose objection was sustained. Appellant's counsel obviously assumed the
ruling was in his favor. If the State-chosen objection is the one upon which appellant relies, then we
observe that it was untimely made. Appellant did not make the objection as soon as the basis of the
objection became apparent. See Hollins v. State, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991). 
Nothing is presented for review. Ford v. State, 908 S.W.2d 32 (Tex. App.--Fort Worth 1995, pet.
ref'd).

 The State calls attention to two other defense objections on the ground that appellant had
not been given the proper warnings before being asked if the contraband was his. We need not consider
these objections because evidence that appellant admitted the marihuana belonged to him was introduced
elsewhere in the record without objection. Specific objection must be made each time an offer of allegedly
inadmissible evidence is made in order to preserve any error for review. Purtell v. State, 761 S.W.2d
360, 368 (Tex. Crim. App. 1988), cert. denied, 490 U.S. 1059 (1989); Ybarra v. State, 890 S.W.2d
98, 114 (Tex. App.--San Antonio 1994, pet. ref'd). The improper admission of evidence is not reversible
error when the same facts are proved by other unobjected-to testimony. Anderson v. State, 717 S.W.2d
622, 626-27 (Tex. Crim. App. 1986); Miranda, 813 S.W.2d at 739. The third point of error is overruled.


 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Chief Justice Yeakel, Justices Aboussie and Onion*

Affirmed

Filed: July 16, 1998

Do Not Publish











* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. The trial court gave appellant credit on his sentence for 269 days and advised him of his right to
appeal.
2. It is better practice to separate these contentions into different points of error because the
standards of review are different and factual sufficiency review begins with the presumption that the
evidence is legally sufficient. Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).
3. "Verdict" has a statutory definition. "A verdict is a written declaration by a jury of its decision of
the issue submitted to it in the case." Tex. Code Crim. Proc. Ann. art. 37.01 (West 1981). The term is
thus not normally used in nonjury cases.



R WP="BR1">
A: Yes, he did.


Q: Okay, and what did you do as a result of that?


A: At that point --


Mr. Potter [defense counsel]: Your Honor, if it pleases the Court, obviously, the finger of
suspicion was pointing towards him and he just walks up and he doesn't advise him of his
rights and he asked him to terminate his --


Ms. Carroll [prosecutor]: Your Honor, I'm going to object to him arguing his case at this
point.


The Court: I'm going to sustain the objection.


Mr. Potter: Thank you, Your Honor.



 It is not clear whose objection was sustained. Appellant's counsel obviously assumed the
ruling was in his favor. If the State-chosen objection is the one upon which appellant relies, then we
observe that it was untimely made. Appellant did not make the objection as soon as the basis of the
objection became apparent. See Hollins v. State, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991). 
Nothing is presented for review. Ford v. State, 908 S.W.2d 32 (Tex. App.--Fort Worth 1995, pet.
ref'd).

 The State calls attention to two other defense objections on t