Opinion issued August 1, 2002 















In The

Court of Appeals

For The

First District of Texas






NO. 01-98-01050-CR

____________


LONDON GRIFFITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 772,165






O P I N I O N

 A jury convicted appellant, London Griffith, of aggravated sexual assault of a
child. (1)
 The jury found two enhancement paragraphs to be true and assessed
punishment at life imprisonment. (2) On remand from the Court of Criminal Appeals,
we must determine whether appellant's prior convictions for rape and aggravated rape
can be used to enhance his sentence. We affirm.

Facts

 On November 17, 1997, A.W., a minor, left school, went to the bus stop, and
waited for the bus which would take her home. Appellant drove up and asked A.W.
if she needed a ride home. When A.W. said she did not need a ride, appellant pointed
a gun at her and told her to get into his Jeep Cherokee. Appellant and A.W. began
to drive around, and he asked her if she had ever had sex. A.W. told appellant she
had not. Appellant eventually parked the Jeep, ordered A.W. to get in the back of the
Jeep, and sexually assaulted her. Appellant left A.W. in front of a library near her
home and gave her $10 to not tell anyone about the assault.

 A.W. walked home and told her grandmother she had been sexually assaulted.
A.W.'s grandmother took her to the hospital, where a medical examination confirmed
she had been sexually assaulted. A.W. picked appellant's picture out of a photo array
and identified appellant at trial.

 At the punishment phase of trial, the State offered into evidence appellant's
prior convictions, including convictions for attempted rape in Mississippi in 1962,
rape in Texas in 1980, and aggravated rape in Texas in 1980. The jury found the
enhancement paragraphs for the offenses committed in Texas to be true. 

Procedural History

 On original submission, appellant asserted five points of error. Specifically,
he argued (1) the evidence was legally insufficient to support his conviction, (2) the
automatic sentence of life-imprisonment under the habitual-offender provision of
Penal Code section 12.42(c) did not apply to his case, (3) he suffered egregious harm
when the jury charge allowed for the imposition of a life sentence under section
12.42, (4) his attorney was ineffective for failing to object to the jury charge, and (5)
he was denied due process of law under the United States (3)
 and Texas (4)
 constitutions
because of the submitted charge. We held the evidence was legally sufficient to
support appellant's conviction. Griffith v. State, No. 01-98-01050-CR, slip op. at 3
(Tex. App.--Houston [1st Dist.] Nov. 2, 2000), rev'd, No. 496-01, slip op. at 2 (Tex.
Crim. App. Jan. 30, 2002). We also held that appellant's Mississippi conviction for
attempted rape supported the imposition of the automatic life sentence under section
12.42(c). Id. at 5. Because we found the Mississippi conviction supported the
automatic life sentence, we did not consider whether the two prior convictions in
Texas required a life sentence under section 12.42(c). 

 The Court of Criminal Appeals held that, because the jury found appellant's
prior convictions in Texas to be true and did not find his prior conviction for
attempted rape in Mississippi to be true, the Mississippi conviction could not support
the jury's punishment at life confinement. Griffith, No. 496-01, slip op. at 2. On
remand, we determine whether appellant's previous convictions in Texas support his
sentence of confinement for life. Id. at 3.

Discussion (5)

 In his second point of error, appellant claims his sentence was illegal because
the former offenses of rape and aggravated rape, under which he was previously
convicted, are not among the offenses which require an automatic life sentence under
section 12.42(c). Because we must decide the applicability of former section
12.42(c) to this case, the relevant portions of the 1997 act adopting that section are
set forth below: 

 (c)(1)  Except as provided by Subdivision (2), if [If] it is shown
on the trial of a first-degree felony that the defendant has been once
before convicted of a felony, on conviction he shall be punished by
imprisonment in the institutional division of the Texas Department of
Criminal Justice for life, or for any term of not more than 99 years or
less than 15 years. In addition to imprisonment, an individual may be
punished by a fine not to exceed $10,000.


 (2)  A defendant shall be punished by imprisonment in the
institutional division for life if:


 (A)  the defendant is convicted of an offense:


 (i)  under Section 22.021 or 22.011, Penal
Code [aggravated sexual assault or sexual assault];


 (ii)  under Section 20.04(a)(4), Penal Code
[aggravated kidnapping], if the defendant committed the offense with
the intent to violate or abuse the victim sexually; or


 (iii) under Section 30.02, Penal Code,
punishable under Subsection (d) of that section [burglary of a
habitation], if the defendant committed the offense with the intent to
commit a felony described by Subparagraph (i) or (ii) or a felony under
Section 21.11 or 22.011, Penal Code; and


 (B)  the defendant has been previously convicted of
an offense:


 (i)  under Section 43.25 or 43.26, Penal Code
[sexual performance by a child or possession of promotion of child
pornography];


 (ii)  under Section 21.11, 22.011, 22.021 , or
25.02, Penal Code [indecency with a child, sexual assault, aggravated
sexual assault or prohibited sexual conduct];


 (iii) under Section 20.04(a)(4), Penal Code
[aggravated kidnapping], if the defendant committed the offense with
the intent to violate or abuse the victim sexually;


 (iv) under Section 30.02, Penal Code
[burglary], punishable under Subsection (d) of that section, if the
defendant committed the offense with the intent to commit a felony
described by Subparagraph (ii) or (iii); or


 (v) under the laws of another state containing
elements that are substantially similar to the elements of an offense
listed in Subparagraph (i), (ii), (iii), or (iv).


Act of May 23, 1997, 75th Leg., R.S., ch. 665, § 1, 1997 Tex. Gen. Laws 2247,
2247 (amending former Tex. Penal Code Ann. § 12.42(c), since amended)
(emphasis added). Appellant argues that his two previous Texas convictions were
under former Penal Code sections 21.02 (rape) and 21.03 (aggravated rape), which
are not specifically enumerated in former sections 12.42(c)(2)(B)(i)-(iv). See Act
of May 24, 1973, 63d Leg., R.S., ch. 399, § 21.02, sec. 1, 1973 Tex. Gen. Laws
883, 916, amended by Act of May 8, 1975, 64th Leg., R.S., ch. 203, § 1, 1975
Tex. Gen. Laws 476, 476 (rape; former Tex. Penal Code Ann. § 21.02, since
repealed); Act of May 12, 1981, 67th Leg., R.S., ch. 202, § 1, 1981 Tex. Gen.
Laws 471, 471 and Act of Apr. 21, 1981, 67th Leg., R.S., ch. 96, § 1, 1981 Tex.
Gen. Laws 203, 203 (aggravated rape; former Tex. Penal Code Ann. § 21.03(a),
since repealed).

 Appellant further argues, by analogy, that, because courts have considered rape
and sexual assault to be distinct offenses when applying their respective statutes of
limitations, we should find the offenses to be distinct for purposes of enhancement
under section 12.42(c). In support of his argument, appellant cites Beaird v. State,
772 S.W.2d 116, 117 (Tex. Crim. App. 1989) and Gallardo v. State, 768 S.W.2d 875,
877 (Tex. App.--San Antonio 1989, pet. ref'd). In both cases, the Court of Criminal
Appeals and the San Antonio Court of Appeals held that the longer statute of
limitations for sexual assault could not be used to prosecute a defendant for rape after
the statute of limitation for rape had expired. Beaird, 772 S.W.2d at 117; Gallardo,
768 S.W.2d at 877. Appellant's case does not involve a dispute over the application
of the proper statute of limitations, and he provided no authority which indicates his
prior convictions in Texas cannot be used as enhancements under section 12.42(c).

 The State, in its original brief, argued that section 12.42 must be read to include
the former offenses of rape and aggravated rape, or the application of the statute
would lead to absurd results. "Where [a] statute is clear and unambiguous, the
Legislature must be understood to mean what it has expressed, and it is not for the
courts to add or subtract from such a statute." Boykin v. State, 818 S.W.2d 782, 785
(Tex. Crim. App. 1991).

 If "the application of the statute's plain language would lead to absurd
consequences that the Legislature could not possibly have intended," we should not
apply the language literally. Id. "When used in the proper manner, this narrow
exception to the plain meaning rule does not intrude on the lawmaking powers of the
legislative branch, but rather demonstrates respect for that branch, which we assume
would not act in an absurd way." Id. Applying the statute as appellant suggests
would lead to an "absurd result."

 The offense of rape is the precursor to the present offense of sexual assault. 
Ex parte Austin, 746 S.W.2d 226, 236 (Tex. Crim. App. 1988) (recognizing "old
offenses of rape and aggravated rape were changed to sexual assault and aggravated
sexual assault"). The Legislature redefined the offenses of rape and aggravated rape
"as assaultive, revising the elements of, penalties for, and period of limitation
applicable to the new offenses." Gallardo, 768 S.W.2d at 878. 

 The enactment of the sexual assault statute expanded and described with
greater specificity the prohibited sexual conduct and eliminated the exclusion of
offenses committed against a defendant's wife. In most respects, however, the former
offense of rape was incorporated into the offense of sexual assault. The former
offense of rape provided: "[a] person commits an offense if he has sexual intercourse
with a female not his wife without the female's consent." Act of May 24, 1973, 63d
Leg., R.S., ch. 399, § 21.02, sec. 1, 1973 Tex. Gen. Laws 883, 916, amended by
Act of May 8, 1975, 64th Leg., R.S., ch. 203, § 1, 1975 Tex. Gen. Laws 476, 476
(rape; former Tex. Penal Code Ann. § 21.02, since repealed). "Sexual
intercourse" was defined under the former rape statute as "any penetration of the
female sex organ by the male sex organ." Id. "Sexual assault," as defined in section
22.011 provides, in part, that a person commits an offense if the person "intentionally
or knowingly causes the penetration of the anus or female sexual organ of another by
any means, without that person's consent." Tex. Penal Code Ann. § 22.011
(Vernon Supp. 2002).

 Likewise, the former offense of aggravated rape was incorporated into the
present offense of aggravated sexual assault. Aggravated rape included the rape of
a female under age 17 and not the defendant's wife. Act of May 12, 1981, 67th
Leg., R.S., ch. 202, § 1, 1981 Tex. Gen. Laws 471, 471 and Act of Apr. 21, 1981,
67th Leg., R.S., ch. 96, § 1, 1981 Tex. Gen. Laws 203, 203 (aggravated rape;
former Tex. Penal Code Ann. § 21.03(a), since repealed). Aggravated sexual
assault includes the assault of a person under age 14. Tex. Penal Code §
22.021(a)(2)(B). Appellant's "pen packet" (6) indicates the victim in his aggravated
rape case was 14 years old. Under the current definition of aggravated sexual assault,
one may commit the offense if he sexually assaults a person under 14 years old. The
difference in the aggravated rape and aggravated sexual assault statutes would not
affect appellant's status. Two rapes or sexual assaults allow for the enhancement
under 12.42(c).

 The similarities in the rape and sexual assault statutes are significant,
particularly when considering section 12.42(c)(1) and (2)(B)(v), the section
pertaining to repeat and habitual felony offenders. Section 12.42 provides for
punishment enhancement for felony convictions in other states of crimes similar to
sexual assault and aggravated sexual assault. Tex. Penal Code § 12.42. The statute
shows the Legislature's intent to hold defendants liable for their behavior even
though the behavior is not designated as sexual assault or aggravated sexual assault. 
Furthermore, because sections 12.42(c)(1) and (2)(B)(v) do not restrict the application
to out-of-state convictions that occurred after the statutory change, a defendant's
punishment may be enhanced based on an out-of-state rape conviction committed
before the enactment of the sexual assault and aggravated sexual assault statutes.

 Appellant argues that defendants convicted of rape or aggravated rape avoid
the possibility of an automatic life sentence based solely on the fact that they
committed the crime when it was defined differently in the Penal Code. We hold that,
appellant's prior convictions for rape and aggravated rape can be considered when
determining if he should be punished as a repeat or habitual felony offender under
section 12.42(c).

 We overrule appellant's second point of error.

 In his third point of error, appellant argues that he suffered egregious harm
because the trial court included an instruction in the charge requiring the jury to
assess punishment at confinement for life if it found the enhancement paragraphs
based on the Texas rape and aggravated rape convictions to be true. In his fourth
point of error, appellant argues that his trial counsel was ineffective for failing to
object to the jury charge. Because we have already concluded that section 12.42(c)
could be used to enhance appellant's sentence, a jury instruction to that effect was not
error. Therefore, we need not address appellant's third and fourth points of error. 

 In his fifth point of error, appellant argues that he was denied due process of
law under the Fifth and Fourteenth Amendments to the United States Constitution (7)

and Article I, sections 15 and 19 of the Texas Constitution. (8)
 He contends he was
sentenced under a statute which was inapplicable to his circumstances. We have
already addressed this argument in point of error two. He also contends that the
application of 12.42(c) increased the range of punishment after the commission of the
offense and that increased punishment violates constitutional prohibitions against ex
post facto laws. We disagree. First, section 12.42(c) was enacted before appellant
committed the aggravated sexual assault. Second, the habitual-offender statute
previously allowed for a mandatory life sentence when a person was convicted of
three felonies. (9)

 We overrule appellant's fifth point of error.

Conclusion

 We affirm the judgment.

 



 Frank C. Price

 Justice


Panel consists of Justices Mirabal, Taft, and Price. (10)

Publish. Tex. R. App. P. 47.
1. 
[1] See Tex. Penal Code Ann. §§ 22.021(a)(1)(B)(i)-(iv), (a)(2)(A)(iv) (Vernon
Supp. 2002).

2. 
[2] See Tex. Penal Code Ann. § 12.42(c) (Vernon Supp. 2002) (providing for
penalty for repeat and habitual offenders).
3. 
[3] U.S. Const. amend. V, XIV.

4. 
[4] Tex. Const. art. I, §§ 15, 19.

5. When we originally considered appellant's first point of error, we held the
evidence was legally sufficient to support his conviction. The Court of
Criminal Appeals did not address this argument, and we do not do so again.
6. A "pen packet" is a file containing information regarding a defendant's
previous convictions and periods of incarceration.
7. U.S. Const. amends. V, XIV.

8. Tex. Const. art. I, §§ 15, 19.

9. Section 12.42 provides for an automatic life sentence if a defendant has
previously been convicted for sexual assault or aggravated sexual assault under
sections 22.02 and 22.03. Tex. Penal Code §§ 22.02-22.03. In 1980, section
12.42 provided for a life sentence based on appellant's two prior felony
convictions. See Act fo May 24, 1973, 63rd Leg., R.S., ch. 399, § 12.42, sec.
1, 1973 Tex. Gen. Laws 883, 908.

10. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.