**Ralph ROHRET, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–00–00348–CR.

Court of Appeals of Texas,
Dallas.

March 1, 2001.

John Timothy Borah, Borah & Tosh, Lewisville, TX, for Appellant.

Tom O'Connell, Criminal District Attorney, Jami Grant, Assistant District Attorney, Collin County, McKinney, TX, for the State.

Before Justices LAGARDE, FITZGERALD, and RICHTER.

## OPINION

Opinion By Justice FITZGERALD.

Ralph Rohret appeals his conviction for driving while intoxicated. After finding appellant guilty, the jury assessed his punishment at fifteen days' confinement in jail and a $2000 fine. The jury recommended "that the fine be suspended." The trial court sentenced appellant to serve the fifteen days in jail, suspended imposition of the fine, and placed appellant on community supervision for two years. As a condition of community supervision, the trial court required appellant to spend an additional thirty days in jail. Appellant brings two points of error contending: (1) the trial court's judgment is void insofar as it includes an illegal sentence; and (2) we should reform the judgment to order the fine be imposed. We overrule appellant's first point of error, do not reach his second point of error, and affirm the trial court's judgment.

In his first point of error, appellant contends "the judgment rendered by the trial court is void as a matter of law insofar as it contains an illegal sentence." Appellant argues that the suspension of imposition of the fine without suspending imposition of the term of confinement was an illegal punishment rendering the sentence and the judgment void.[1]

Appellant relies on *Ex parte McIver*, 586 S.W.2d 851 (Tex.Crim.App. [Panel Op.] 1979), in support of his argument. In *Ex parte McIver*, the applicant was convicted of felony possession of marijuana, and a jury assessed punishment at five years'

---

1. Appellant instructed the court reporter not to prepare a reporter's record in this case. Because appellant did not file a reporter's record, we must find appellant waived any error for which an objection was necessary to preserve the error. *See Ford v. State*, 908 S.W.2d 32, 35 (Tex.App.—Fort Worth 1995, pet. ref'd); *Montalvo v. State*, 846 S.W.2d 133, 137 (Tex.App.—Austin 1993, no pet.). Because appellant cannot show he made any objection to the proceedings or judgment, he cannot obtain reversal on appeal without showing the error, if any, rendered the trial court's judgment void and not merely voidable. *See Garcia v. State*, 887 S.W.2d 846, 861 (Tex.Crim.App.1994).

confinement and a $5000 fine and recommended that the fine be probated for ten years. *See id.* at 852. The trial court followed the jury's recommendation and imposed the punishment of confinement but suspended imposition of the fine and placed the applicant on probation for ten years. *See id.* The applicant filed an application for writ of habeas corpus asserting that the verdict, judgment, and sentence were void. The court of criminal appeals "agree[d] that the verdict, judgment, and sentence are void because they impose a punishment not authorized by law," namely, the probation of the fine only.[2] *Id.* at 853.

*Ex parte McIver,* however, was a felony case, while in this case appellant was convicted of a Class B misdemeanor. *See* TEX. PEN.CODE ANN. § 49.04 (Vernon Supp. 2001). Until 1993, probation of misdemeanors was governed by separate statutory provisions. Between 1965 and 1985, misdemeanor probation was governed by article 42.13 of the code of criminal procedure. Between 1965 and 1979, article 42.13 did not permit probation of a fine and imposition of confinement.[3] In 1979, the legislature amended article 42.13 to provide that a jury in a misdemeanor case could "recommend that the imprisonment or fine or both such fine and imprisonment found in its verdict may be probated." [4]

2. At the time the defendant in *McIver* committed the offense, May 1975, article 42.12 of the code of criminal procedure did not authorize probation of only part of a felony defendant's sentence. *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, art. 42.12, § 3a, 1965 Tex. Gen. Laws 317, 490. In 1975, the legislature amended article 42.12 to authorize a jury in a felony case to recommend probation for a term of confinement and "assess" a fine. *See* Act of Apr. 17, 1975, 64th Leg., R.S., ch. 110, § 1, 1975 Tex. Gen. Laws 263, 264 (effective Sept. 1, 1975). However, until 1993, the statutory provisions for jury-recommended probation of a felony never permitted suspension of a fine with imposition of confinement. In 1993, the legislature amended the definition of "probation" (and changed it to "community supervision") to provide that imposition of a sentence could be suspended "in whole or in part." *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3716–17 (now codified at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 2(2) (Vernon Supp. 2001)).

3. At that time, article 42.13 provided:

 Section 1. All probation in misdemeanor cases shall be granted and administered under this Article.
 Sec. 2. In this Article, unless the context requires a different definition,
 . . .
 (2) "probation" means the release by a court under terms and for a period specified by the court of a defendant who has been found guilty of a misdemeanor.

Sec. 3. (a) [requirements for applying for probation]
(b) If a defendant satisfies the requirements of Section 3(a)(1), (2), (3), and (4) of this Article, and the jury hearing his case recommends probation in its verdict, the court must grant the defendant probation. The court may, however, extend the term of the probationary period to any length of time not exceeding the maximum time of confinement allowed by law. In the event probation is revoked . . ., the judgment of the court shall not prescribe any penalty in excess of that imposed by the jury.

. . . .

Sec. 4. (a) When a defendant is granted probation under terms of this Act, the finding of guilt does not become final, nor may the court render judgment thereon, except as provided in Section 6 of this Article.

Act of May 27, 1965, 59th Leg., R.S., ch. 722, art. 42.13, § 3, 1965 Tex. Gen. Laws 317, 499, *amended by* Act of May 19, 1967, 60th Leg., R.S., ch. 659, § 30, 1967 Tex. Gen. Laws 1732, 1746, *repealed by* Act of May 28, 1979, 66th Leg., R.S., ch. 654, § 1, 1979 Tex. Gen. Laws 1514, 1514.

4. Article 42.13 then provided,

 Sec. 2. This article may be cited as the "Misdemeanor Adult Probation and Supervision Law."
 Unless the context otherwise requires, the following definitions shall apply to the spec-

Act of May 28, 1979, 66th Leg., R.S., ch. 654, § 1, 1979 Tex. Gen. Laws 1514, 1515. In 1985, the legislature moved misdemean- or probation into article 42.12, but jury-recommended misdemeanor probation re-mained in a separate provision from jury-recommended felony probation.[5] Under

ified words and phrases as used in this article:

. . .

(2) "Probation" shall mean the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposi-tion of sentence is suspended.

. . .

Sec. 3a. Where there is a conviction in any court of this state and the punishment assessed by the jury shall be by imprison-ment in jail or by a fine or by both such fine and imprisonment, the jury may recom-mend probation for a period of the maxi-mum imprisonment applicable to such of-fense of which the defendant is convicted, upon sworn motion made therefor by the defendant, filed before the penalty stage of the trial begins. When the jury recom-mends probation, it may recommend that the imprisonment or fine or both such fine and imprisonment found in its verdict may be probated.

Act of May 28, 1979, 66th Leg., R.S., ch. 654, § 1, 1979 Tex. Gen. Laws 1514, 1515, *re-pealed by* Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 3, 1985 Tex. Gen. Laws 1531, 1555.

5. Article 42.12 then provided as follows:

Section 2. This Article may be cited as the "Adult Probation Law".

Unless the context otherwise requires, the following definitions shall apply to the spec-ified words and phrases as used in this Article:

. . .

b. "Probation" shall mean the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposi-tion of sentence is suspended.

. . .

Section 3a.(a) When there is a felony con-viction in any court of this State and the punishment assessed by the jury shall not exceed ten years, the jury may recommend probation for a period of any term of years authorized for the offense for which the defendant was convicted, but in no event for more than ten years, upon written sworn motion made therefor by the defen-dant, filed before the trial begins. When the jury recommends probation, it may also assess a fine applicable to the offense for which the defendant was convicted. When the trial is to a jury, and the defendant has no counsel, the court shall inform the de-fendant of his right to make such motion, and the court shall appoint counsel to pre-pare and present same, if desired by the defendant. In no case shall probation be recommended by the jury except when the sworn motion and proof shall show, and the jury shall find in their verdict that the defendant has never before been convicted of a felony in this or any other State. This law is not to be construed as preventing the jury from passing on the guilt of the defen-dant, but he may enter a plea of not guilty. In all eligible cases, probation shall be granted by the court, if the jury recom-mends it in their verdict, for the period recommended by the jury.

(b) Where there is a misdemeanor con-viction in any court of this state and the punishment assessed by the jury shall be by imprisonment in jail or by a fine or by both such fine and imprisonment, the jury may recommend probation for a period of time not to exceed the maximum imprisonment applicable to such offense of which the de-fendant is convicted, upon sworn motion made therefor by the defendant, filed before the penalty stage of the trial begins. When the jury recommends probation, it may rec-ommend that the imprisonment or fine or both such fine and imprisonment found in its verdict may be probated. . . . When the trial is to a jury and the defendant has no counsel, the court shall inform the defen-dant of his right to make such motion, and the court shall appoint counsel to prepare and present same, if desired by the defen-dant. In no case shall probation be recom-mended by the jury except when the defen-dant, before the trial began, had filed a sworn statement that the defendant has never before been convicted of a felony, and after conviction and before the penalty stage of the trial began, the defendant shall have filed a sworn motion for probation and the proof shall show and the jury shall find in their verdict that the defendant has

this provision, the jury could still "recommend that the imprisonment or fine or both such fine and imprisonment found in its verdict may be probated." Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 1, 1985

never before been convicted of a felony in this or any other state. This law is not to be construed as preventing the jury from passing on the guilt of the defendant, but the defendant may enter a plea of not guilty. In all eligible cases, probation shall be granted by the court, if the jury recommends it in their verdict.

Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 1, 1985 Tex. Gen. Laws 1531, 1533. In 1989, the legislature renumbered article 42.12, section 3a as article 42.12, section 4. The text of the felony probation provision was not amended, but the definition of "probation" and the text of the misdemeanor probation provision were amended to read as follows:

Sec. 2. DEFINITIONS. In this article:

. . .

(2) "Probation" shall mean the supervised release of a convicted defendant by a court under a continuum of programs and sanctions with conditions imposed by the court for a specified period during which the imposition of sentence is suspended.

. . .

Sec. 4. JURY RECOMMENDED PROBATION. (a) [felony probation]

(b) Where there is a misdemeanor conviction in any court of this state and the punishment assessed by the jury shall be by imprisonment in jail or by a fine or by both such fine and imprisonment, the jury may recommend probation for a period of time not to exceed two years, upon sworn motion made therefor by the defendant, filed before the penalty stage of the trial begins. When the jury recommends probation, it may recommend that the imprisonment or fine or both such fine and imprisonment found in its verdict may be probated. When the trial is to a jury and the defendant has no counsel, the court shall inform the defendant of his right to make such motion, and the court shall appoint counsel to prepare and present same, if desired by the defendant. In no case shall probation be recommended by the jury except when the defendant, before the trial began, had filed a sworn statement that the defendant

Tex. Gen. Laws 1531, 1533. In 1993, the legislature combined jury-recommended felony and misdemeanor probation into a single statutory provision, article 42.12, section 4.[6] See Tex.Code Crim. Proc. Ann.

has never before been convicted of a felony, and after conviction and before the penalty stage of the trial began, the defendant shall have filed a sworn motion for probation and the proof shall show and the jury shall find in their verdict that the defendant has never before been convicted of a felony in this or any other state. This law is not to be construed as preventing the jury from passing on the guilt of the defendant, but the defendant may enter a plea of not guilty. In all eligible cases, probation shall be granted by the court, if the jury recommends it in their verdict.

Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3499, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3716–18.

6. This provision provides:

Sec. 2. In this Article:

. . .

(2) "Community supervision" means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which:

(A) criminal proceedings are deferred without an adjudication of guilt; or

(B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.

. . .

Sec. 4. (a) A jury that imposes confinement as punishment for an offense may recommend to the judge that the judge suspend the imposition of the sentence and place the defendant on community supervision. A judge shall suspend the imposition of the sentence and place the defendant on community supervision if the jury makes that recommendation in the verdict.

(b) If the jury recommends to the judge that the judge place the defendant on community supervision, the judge shall place the defendant on community supervision for any period permitted under

art. 42.12, § 4 (Vernon Supp.2001). Although article 42.12, section 4 did not contain the language of article 42.12, section 3a(b) permitting probation of a fine with imposition of confinement, the legislature changed the definition of "probation" to permit suspension of a sentence "in whole or in part." *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 2(2) (Vernon Supp.2001). This change to the definition of probation authorized juries to continue to recommend that the fine be suspended and the confinement be imposed.

■■■■■ We conclude the jury's recommendation and the trial court's judgment suspending imposition of appellant's fine and imposing his term of confinement was authorized by article 42.12, sections 2(2) and 4. We hold appellant's sentence is not illegal and the trial court's judgment is not void.[7] We overrule appellant's first point of error.[8]

Having overruled appellant's first point of error, we need not reach appellant's second point of error. *See* TEX.R.APP. P. 47.1.

We affirm the trial court's judgment.

---

Section 3(b) or 3(c) of this article, as appropriate.
Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3716–18.

7. Even if the definition of "community supervision" did not expressly incorporate both imposition of a term of confinement and suspension of a fine, it appears appellant's "sentence" still would not be void. In *Speth v. State*, 6 S.W.3d 530 (Tex.Crim.App.1999), *cert. denied*, 529 U.S. 1088, 120 S.Ct. 1720, 146 L.Ed.2d 642 (2000), the court of criminal appeals determined that defects in the application of community supervision to a defendant eligible for community supervision do not render the sentence void. *See id.* at 534 (defendant must object to preserve complaint about conditions of probation). The court stated that community supervision is a contractual arrangement between the defendant and the trial court and is not part of the defendant's "sentence." *See id.* at 532. Therefore, defects in the terms and conditions of community service do not render the sentence void. Appellant's complaint about only the fine being suspended is a complaint concerning a term of his community supervision

contract with the court. Because appellant's punishment, fifteen days' confinement and a $2000 fine, was within the statutory limits for driving while intoxicated, and because appellant was eligible for community supervision, the judgment does not contain an illegal punishment or sentence and is not void. *See* TEX. PEN.CODE ANN. §§ 12.22, 49.04(b) (Vernon 1994 & Supp.2001).

8. The following quotation from Judge Womack's concurring opinion in *Speth* is equally applicable in this case:

[I]t is a natural expectation that a party with a *bona fide* complaint about a harmful error would raise the complaint as soon as the error was committed.... [I]njustice may result if a trial court makes decisions about sentencing with the reasonable understanding that a party has no objection to the decision, but the party is thereafter able to void some aspects of the punishment decision.

*Speth*, 6 S.W.3d at 536 (Womack, J., concurring, joined by McCormick, P.J., and Keller and Holland, JJ.).