James Lang v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-347-CR

     JAMES LANG,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 7285
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      James Lang was convicted of sexually assaulting his niece’s 14 year old friend. The jury
assessed punishment at 10 years in prison and assessed a fine of $10,000. The jury also
determined that the term of imprisonment should be suspended and recommended that he be placed
on community supervision for 10 years. Lang brings two issues on appeal: 1) he was egregiously
harmed by a verdict form which did not allow the jury the option of probating his fine; and 2) he
was denied effective assistance of counsel at punishment. We reverse and remand for a new
punishment hearing.
      In his first issue, Lang contends the jury should have been given the option to probate his fine
as well as his imprisonment. He concedes that his trial attorney did not object to this deficiency
in the punishment charge. An independent basis for reversal arises if the error, even though not
timely objected to, is so egregious and creates such harm that it deprives the accused of a "fair and
impartial trial." Almanza v. State, 686 S.W.2d 157, 172 (Tex. Crim. App. 1985).
      A term of imprisonment and a fine may be suspended “in whole or in part.” Tex. Code
Crim. Proc. Ann. art. 42.12, sec. 2(2)(B) (Vernon Supp. 2002). Cf. Rohret v. State, 41 S.W.3d
218 (Tex. App.—Dallas 2001, no pet.) (statute authorized jury to suspend fine and impose
confinement). The trial court committed error when it did not provide the jury with the
opportunity to probate a fine in the charge on punishment. The question now becomes whether
the error deprived Lang of a fair and impartial trial. After reviewing the charge and record, we
are not convinced that Lang was not deprived of a fair and impartial trial on punishment. The
State does not argue to the contrary. Lang’s first issue is sustained.
      Our disposition of Lang’s first issue makes a review of his second issue unnecessary because
it does not provide any greater relief.
      Having sustained his first issue, the trial court’s judgment of conviction is affirmed, but we
reverse the trial court’s judgment as to punishment. This cause is remanded for a new trial on
punishment.

                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed in part; reversed and remanded in part
Opinion delivered and filed August 28, 2002
Do not publish
[CR25]