COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS. 2-04-367-CR

                                                2-04-368-CR

 

 

TONY THOMAS BALLARD                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Introduction

Appellant
Tony Thomas Ballard appeals his thirty-year sentences for aggravated sexual
assault of a child.  In his sole point,
appellant argues that the trial court abused its discretion in assessing his
punishment.  We affirm. 








Background
Facts

On
April 30, 2004, appellant entered an open plea of guilty to two counts of
aggravated sexual assault of a child under fourteen.  Appellant signed a judicial confession and waived the making of a
reporter=s record in each case.  On August 2, 2004, the trial court sentenced
appellant to thirty years= confinement on each count in the
Institutional Division of the Texas Department of Criminal Justice, with the
sentences to run concurrently.

Analysis

In
his sole point, appellant argues that the trial court abused its discretion in
assessing his punishment at thirty years. 
Appellant alleges that the trial court failed to consider his mental
health in assessing the punishment. Appellant claims that the presentence
investigation report shows that he is borderline mentally retarded.

The
allowable discretion of the trial judge in assessing a term of years is limited
only by the maximum provided by law. Tamminen v. State, 653 S.W.2d 799,
803 (Tex. Crim. App. 1983).  Appellant
contends that this rule is tempered by the following passage from Jackson v.
State:








In
our review of a trial judge=s determination of the appropriate punishment in any given case a
great deal of discretion is allowed the sentencing judge. . . .  It is also the general rule that as long as
a sentence is within the proper range of punishment it will not be disturbed on
appeal.  However, in all of the cases
dealing with review in this area there was at least some evidence or facts available
to the court and upon which the court could have relied in assessing
punishment.  

 

680 S.W.2d
809, 814 (Tex. Crim. App. 1984) (citations omitted). Appellant argues that Jackson,
therefore, Aintimates that a trial court judge
may abuse his discretion in sentencing even if his punishment determination
falls within the range of punishment prescribed for a particular offense.@

As
an initial matter, we note that it is impossible for us to determine whether
appellant preserved this issue for review. 
Generally, an appellant may not assert error pertaining to his sentence
or punishment when he failed to object or otherwise raise the error in the
trial court.  Mercado v. State,
718 S.W.2d 291, 296 (Tex. Crim. App. 1986); Davis v. State, No.
02-04-00132-CR, 2005 WL 627104, at *1 (Tex. App._Fort Worth Mar. 17, 2005, pet.
ref=d) (mem. op.) (not designated for
publication).  There is no indication in
the clerk=s record that appellant objected
to the sentence, and appellant waived the making of a reporter=s record.  An appellant who waives the making of a
reporter=s record also waives any error for
which an objection was necessary to preserve the error.  Rohret v. State, 41 S.W.3d 218, 219
n.1 (Tex. App._Dallas 2001, no pet.); see also Ford v. State, 908 S.W.2d
32, 35 (Tex. App._Fort Worth 1995, pet. ref=d).








Moreover,
the sentence imposed was within the permissible statutory limit.  Aggravated sexual assault of a child under
fourteen is a first degree felony with a maximum sentence of life or any term
not exceeding ninety-nine years.  Tex. Penal Code Ann. ' 12.32(a) (Vernon 2003), ' 22.021(e) (Vernon Supp.
2004-05).  Appellant was sentenced to
thirty years for both offenses, well within the ninety-nine year maximum.  Because appellant did not preserve error and
the sentences were within the statutory limit, we cannot determine if the trial
court abused its discretion in assessing appellant=s punishment at thirty years on
each count; therefore, we overrule his sole point.    

Conclusion

Having
overruled appellant=s sole point, we affirm the
judgments of the trial court.

 

PER CURIAM

 

PANEL F:    LIVINGSTON, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:  October 20, 2005











[1]See Tex. R.
App. P. 47.4.