BALLARD V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-04-367-CR

         
2-04-368-CR

TONY THOMAS BALLARD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Tony Thomas Ballard appeals his thirty-year sentences for aggravated sexual assault of a child.  In his sole point, appellant argues that the trial court abused its discretion in assessing his punishment.  We affirm. 

Background Facts

On April 30, 2004, appellant entered an open plea of guilty to two counts of aggravated sexual assault of a child under fourteen.  Appellant signed a judicial confession and waived the making of a reporter’s record in each case.  On August 2, 2004, the trial court sentenced appellant to thirty years’ confinement on each count in the Institutional Division of the Texas Department of Criminal Justice, with the sentences to run concurrently.

Analysis

In his sole point, appellant argues that the trial court abused its discretion in assessing his punishment at thirty years.  Appellant alleges that the trial court failed to consider his mental health in assessing the punishment. Appellant claims that the presentence investigation report shows that he is borderline mentally retarded.

The allowable discretion of the trial judge in assessing a term of years is limited only by the maximum provided by law. 
Tamminen v. State
, 653 S.W.2d 799, 803 (Tex. Crim. App. 1983).  Appellant contends that this rule is tempered by the following passage from 
Jackson v. State
:

In our review of a trial judge’s determination of the appropriate punishment in any given case a great deal of discretion is allowed the sentencing judge. . . .  It is also the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal.  However, in all of the cases dealing with review in this area there was at least some evidence or facts available to the court and upon which the court could have relied in assessing punishment.  

680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (citations omitted). Appellant argues that 
Jackson
, therefore, “intimates that a trial court judge may abuse his discretion in sentencing even if his punishment determination falls within the range of punishment prescribed for a particular offense.”

As an initial matter, we note that it is impossible for us to determine whether appellant preserved this issue for review.  Generally, an appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise the error in the trial court.  
Mercado v. State
, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); 
Davis v. State
, No. 02-04-00132-CR, 2005 WL 627104, at *1 (Tex. App.སྭFort Worth Mar. 17, 2005, pet. ref’d) (mem. op.) (not designated for publication).  There is no indication in the clerk’s record that appellant objected to the sentence, and appellant waived the making of a reporter’s record.  An appellant who waives the making of a reporter’s record also waives any error for which an objection was necessary to preserve the error.  
Rohret v. State
, 41 S.W.3d 218, 219 n.1 (Tex. App.སྭDallas 2001, no pet.); 
see also Ford v. State
, 908 S.W.2d 32, 35 (Tex. App.སྭFort Worth 1995, pet. ref’d).

Moreover, the sentence imposed was within the permissible statutory limit.  Aggravated sexual assault of a child under fourteen is a first degree felony with a maximum sentence of life or any term not exceeding ninety-nine years.  
Tex. Penal Code Ann.
 § 12.32(a) (Vernon 2003), § 22.021(e) (Vernon Supp. 2004-05).  Appellant was sentenced to thirty years for both offenses, well within the ninety-nine year maximum.  Because appellant did not preserve error and the sentences were within the statutory limit, we cannot determine if the trial court abused its discretion in assessing appellant’s punishment at thirty years on each count; therefore, we overrule his sole point.   
 

Conclusion

Having overruled appellant’s sole point, we affirm the judgments of the trial court.

PER CURIAM

PANEL F: LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 20, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.